## PEOPLE *v.* PRINZ.

1. CRIMINAL LAW—APPEAL—SCOPE OF REVIEW—QUESTIONS RAISED BELOW.

The general rule in criminal as well as civil cases is that this court will, on review, consider only such questions as were presented for the consideration of the trial court.

2. SAME—TRIAL—INSTRUCTIONS—DUTY OF COURT.

In a criminal case the trial judge should, even though no request be preferred, give instructions covering the general features of the case, define the offense, and indicate what it is essential to prove to establish the offense.

Error to the recorder's court of Detroit; Phelan, J. Submitted April 18, 1907. (Docket No. 81.) Decided April 30, 1907.

Otto Prinz was convicted of the crime of rape, and sentenced to imprisonment for not less than 10 nor more than 20 years in the branch of the State prison at Marquette. Affirmed.

*Edward H. Kennedy*, for appellant.

*George F. Robison*, Prosecuting Attorney (*Walter M. Trevor*, of counsel), for the people.

MONTGOMERY, J.    The respondent was convicted of the crime of rape, and brings the case here for review on error.

It was conceded at the argument that no exception was taken to the rulings of the trial judge now complained of, and no requests to charge upon the questions which it is now claimed should have been covered.    The general rule in criminal as well as civil cases is that this court will, on review, consider only such questions as were presented for the consideration of the trial court.    *People* v. *Wade*, 101 Mich. 89; *People* v. *Warner*, 104 Mich. 337; *People*

v. *Smith*, 106 Mich. 431; *People* v. *Carter*, 117 Mich. 576. It is doubtless true that the trial judge should, even though no requests be preferred, cover the general features of the case, define the offense, and indicate what it is essential to prove to establish the offense. This duty was fully performed in this case. We do not intimate that, if the questions discussed were all open to review, there was any prejudicial error.

The testimony was ample to warrant the conviction, which is affirmed.

MCALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.