PEOPLE *v.* MacPHERSON.

1. Statutes—Construction—Penalty.

Where one section of an act specifically refers to another section of the act, the first section must be read in conjunction with the latter, especially where the latter section provides penalty for violation of first section (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

2. Criminal Law—Automobiles—Failure to Stop at Scene of Accident—Evidence.

In prosecution for failing to stop at scene of fatal accident, evidence presented in behalf of the people *held*, sufficient to present issues to jury and support its verdict, where it established accident, resulting death of person injured, that defendant was owner of car causing the injury, that the vehicle did not stop at the scene of the accident, that it was followed for some distance, and that defendant left the vehicle, from beneath the steering wheel, at a point in close proximity to his place of business, the credibility of the people's witnesses being for the jury (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

---

References for Points in Headnotes

[1, 5]  50 Am. Jur., Statutes, §§ 352, 358.
[4]  20 Am. Jur., Evidence, § 1229.
[4]  Concession, admission, or statement by defendant's attorney in criminal case as obviating necessity of introducing evidence on the point.  70 A.L.R. 94.
[5]  5 Am. Jur., Automobiles, § 780 *et seq.*
[5]  Construction and effect of statute in relation to conduct of driver of automobile after happening of an accident.  16 A.L.R. 1425, supplemented in 66 A.L.R. 1229 and 101 A.L.R. 913.
[6, 7, 10]  53 Am. Jur., Trial, §§ 639, 826.
[6, 7, 10]  Duty in instructing jury in criminal prosecution to explain and define offense charged.  169 A.L.R. 315.
[8]  20 Am. Jur., Evidence, § 1256.
[9]  20 Am. Jur., Evidence, § 1263.
[9]  Burden and degree of proof as to alibi.  29 A.L.R. 1127, supplemented in 67 A.L.R. 138 and 124 A.L.R. 471.

3. SAME—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—NEW COMPLAINT AND WARRANT.

On appeal in prosecution for failing to stop at scene of fatal accident, it is unnecessary to determine admissibility of testimony of three witnesses, given at preliminary examination, and as to whom the trial court held the prosecution had made a sufficient showing of inability to produce at trial had on new complaint and warrant, made after original information was quashed without prejudice, where such testimony was taken without objection as to its relevancy and materiality or the legal sufficiency of the complaint and warrant, it appears that the right of cross-examination of the witnesses was not in any way abridged, that the testimony taken does not appear to have tended in any material respect to impeach or contradict defendant's claim of alibi and defendant does not appear to have been prejudiced by its admission (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

4. SAME—EVIDENCE—CONCESSION OF DEFENDANT.

In prosecution for failing to stop at scene of fatal accident, the prosecuting attorney was not precluded from having deceased's widow testify as to facts material to the people's case by the fact that defendant's counsel conceded that deceased had been alive previous to the time of the accident, where concession did not go to all of the matters referred to by the witness (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

5. AUTOMOBILES—FAILURE TO STOP AT SCENE OF ACCIDENT—KNOWLEDGE OF ACCIDENT—PENALTIES—CONSTRUCTION OF STATUTE.

Section of uniform motor vehicle act requiring the driver of a vehicle involved in an accident resulting in injury or death of any person to immediately stop his vehicle at the scene of the accident, must be read in conjunction with another section referred to therein for the penalty and in which latter section it is provided that the driver must have known his car had been involved in an accident, in order to obtain all of the elements of the offense (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

6. CRIMINAL LAW—INSTRUCTIONS—REQUESTS TO CHARGE.

While the failure of a court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused, the court does have the duty to instruct the jury as to the law applicable to the case, and accurately charge the jury as to the elements of an offense and what must be proved to establish such elements, in order to protect the rights of the accused (3 Comp. Laws 1929, § 17322).

7. SAME—FAILURE TO STOP CAR AT SCENE OF ACCIDENT—KNOWLEDGE OF ACCIDENT—INSTRUCTIONS—REQUEST TO CHARGE.

In prosecution for failing to stop vehicle at scene of fatal accident under information so drawn as to require proof of knowledge of the driver that his car was involved in an accident and jury found defendant guilty as charged, reversible error was committed by failure of court to charge jury in such respect notwithstanding defendant had not requested court to instruct the jury in that particular, as the jury was not informed with reasonable certainty of the offense with which defendant was charged (1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

8. SAME—BURDEN OF PROOF.

It is incumbent upon the people in every criminal prosecution, in order to warrant a conviction, to prove beyond a reasonable doubt that the crime charged was committed, and that the person or persons on trial committed it.

9. SAME—BURDEN OF PROOF—ALIBI.

The claim of alibi on the part of an accused does not change the burden of proof on the part of the prosecution to prove beyond a reasonable doubt that the crime charged was committed by the person or persons on trial.

10. SAME—STATEMENT OF THE ELEMENTS OF AN OFFENSE—INSTRUCTIONS—JURY.

The charge of a trial court in which are stated only some of the elements of the offense charged would have a natural tendency to cause the jury to believe that those stated were conclusive, as it must be assumed that the jurors accept the law as given to them by the court.

Appeal from Macomb; Noe (Alton H.), J. Submitted October 15, 1948. (Docket No. 86, Calendar No. 43,608.) Decided January 3, 1949.

G. Boyd MacPherson was convicted of failing to stop at scene of fatal accident. Reversed and remanded.

*Hugh H. Neale* and *Davidow & Davidow,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, *Edward A. Jacob,* Prosecuting Attorney, and *Frank G. Giambrone,* Assistant Prosecuting Attorney, for the people.

CARR, J.   This case resulted from a traffic accident occurring on a public highway in Macomb county on October 18, 1943, shortly after 8 o'clock in the evening.   It was the claim of the people that an automobile driven by defendant struck the person of one Joseph Baldwin and that, as a result of the injuries received by him, Mr. Baldwin died three days later. Complaint was made before a justice of the peace, a warrant issued and a preliminary examination was held, at the conclusion of which defendant was bound over to the circuit court for trial.   Thereafter a motion to quash the information was granted, and the case was dismissed without prejudice to the right of the people to institute such other action as might be deemed advisable.   Thereupon, a new complaint was made and a warrant issued.   Defendant waived examination before the magistrate, was bound over to the circuit court, and on trial before a jury was convicted.

The charge against defendant was based on an alleged violation of the provisions of 1 Comp. Laws 1929, § 4722, as amended by Act No. 318, Pub. Acts 1939* (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1947 Cum. Supp. § 9.1590).   Insofar as material

_____
* 2 Comp. Laws 1948, § 256.330.—REPORTER.

such section, which is section 30 of the uniform motor vehicle act,* provides as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 56 of this act. * * *

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person shall also give his name, address, and the registration number of his vehicle, also the name and address of the owner, and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and any person violating this provision shall upon conviction be punished as provided in section 56 of this act."

The provisions quoted must be read in conjunction with section 56 of the uniform motor vehicle act, referred to therein. Said section, 1 Comp. Laws 1929, § 4748, as amended by Act No. 262, Pub. Acts 1941† (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1947 Cum. Supp. § 9.1617), reads, in part, as follows:

"Every person who is the driver of a vehicle and who knows such vehicle has been involved in an accident and who is convicted of violating the provisions of either subsections A or C of section 30 of this act in connection with such accident shall be punished by imprisonment in the county or municipal jail for not less than 30 days nor more than 1 year, or in the State prison for not less than 1 nor more than 5

---

* Act No. 318, Pub. Acts 1927.—Reporter.

† 2 Comp. Laws 1948, § 256.356.—Reporter.

years, or by fine of not less than $100.00 nor more than $5,000.00 or by both such fine and imprisonment."

The information on which defendant was tried followed the statutory provisions quoted, alleging that on the 18th day of October, 1943, at the township of Warren, in Macomb county,

"One G. Boyd MacPherson being then and there the driver of a motor vehicle which motor vehicle was then and there involved in an accident at the intersection of Van Dyke and Orchard streets in the said township of Warren, and which accident did then and there result in injury to one Joseph Baldwin, from which injury the said Joseph Baldwin on the 21st day of October, A. D. 1943, did die, of which accident and injury the said G. Boyd MacPherson had knowledge did knowingly and wilfully then and there fail and neglect to immediately stop said motor vehicle at the scene of said accident contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Michigan."

The second count of the information further charged defendant with failure to give his name, address and the registration number of his motor vehicle, and to exhibit his operator's license to Joseph Baldwin and render to Baldwin reasonable assistance. Following the arraignment, defendant gave notice of an alibi,* stating therein that at the time of the alleged offense he was at a certain restaurant in the city of Detroit. This defense was urged on the trial. At the conclusion of the plaintiff's case counsel for defendant moved for a directed verdict, which motion was denied. Following the verdict of the jury a motion for a new trial was

* 3 Comp. Laws 1929, § 17313, as amended by Act No. 80, Pub. Acts 1939 (4 Comp. Laws 1948, § 768.20 [Comp. Laws Supp. 1940, § 17313, Stat. Ann. 1947 Cum. Supp. § 28.1043]).

made, and it also was denied. On leave granted defendant has appealed, claiming that errors requiring a reversal were made in the course of the trial.

On behalf of the defendant it is urged that the evidence in the case was insufficient to support the verdict of the jury, and that the court was in error in denying the motion for a directed verdict. We are unable to agree with this contention. The proofs offered in support of the charge against defendant were sufficient to establish the accident and the resulting death of Joseph Baldwin. Testimony was also introduced tending to show that defendant was the owner of the car causing the injury, that the vehicle did not stop at the scene of the accident, that it was followed for some distance, and that defendant left the vehicle, from beneath the steering wheel, at a point in close proximity to his place of business. The credibility of the witnesses for the people was for the jury, and it is apparent from the verdict that the jury accepted the proofs offered by the people, rejecting defendant's claim that, if his car was involved in the accident, he was not driving the vehicle at the time. The record fully justified the submission of the questions at issue to the jury. On the record before us it cannot be said that the evidence was not sufficient to support the verdict rendered.

Error is also assigned on the admission of the testimony of three witnesses, given on the preliminary examination under the original complaint and warrant. A showing was made by the people indicating that search had been made for these witnesses, in order to serve them with subpoenas requiring their appearance at the trial, and that they could not be located. The trial court held that the showing made as to the effort to produce the witnesses was sufficient, and admitted the testimony. Defendant contends that it was incompetent because not given in the course of the criminal proceeding which final-

ly resulted in the conviction. Reliance is placed on article 2, § 19, of the State Constitution (1908), guaranteeing to the accused in every criminal prosecution the right "to be confronted with the witnesses against him." Emphasis is placed on the fact that, following the dismissal of the case on motion in the circuit court, a new complaint was made and a warrant issued in accordance therewith. On behalf of the people it is insisted that the preliminary examination before the magistrate concerned the alleged offense of which defendant has been convicted. It is also pointed out that the testimony now in question was taken without objection as to its relevancy and materiality or the legal sufficiency of the complaint and warrant, and that the right of cross-examination of the witnesses was not in any way abridged.

We do not find it necessary to determine whether, under the situation disclosed by the record, the testimony was competent on the trial. The witnesses in question were apparently offered on the preliminary examination for the purpose of proving defendant's whereabouts during the afternoon of October 18, 1943. None of them testified to having seen defendant during the time when the accident occurred. Except as to details that would seem to be immaterial, their testimony was in accord with defendant's as to his movements in the afternoon preceding the occurrence on which the prosecution was based. As before noted, the defense rested on the claim of alibi, notice of which was properly given, namely, that defendant was in a certain restaurant in the city of Detroit when the accident happened. It was defendant's theory that his car had been stolen from the place where he had parked it before entering the restaurant. On this record it does not appear that the testimony of any of the three witnesses in question tended in any material respect to impeach or contradict defendant's claim.

In view of the record, it cannot be said that defendant was prejudiced by the admission of the testimony of these witnesses given on the preliminary examination.

On the trial of the case the people produced as a witness the widow of Joseph Baldwin. She testified, in substance, that Mr. Baldwin went to work as usual on the 18th of October, 1943, that she next saw him that evening in the hospital, and that he died at 7 o'clock in the evening of October 21st. When the prosecuting attorney called her to the stand, counsel for defendant stated in open court that he would concede that Joseph Baldwin was alive previous to the 18th of October. With the permission of the court, the prosecuting attorney proceeded with the examination of the witness. It does not appear that any formal objection to her testimony was made, but defendant now insists that the concession made by his counsel rendered improper the examination of the witness before the jury. Actually the concession made did not go to all the matters referred to by the witness. Furthermore, the prosecutor had the right to prove by competent testimony the facts material to the people's case. Counsel for defendant could not preclude the exercise of such right by undertaking to make an admission on behalf of his client. This Court so held in *People* v. *Neaton*, 294 Mich. 134, citing prior decisions, including cases from other States.

This brings us to the consideration of defendant's claim that the trial court erred in charging the jury with reference to the elements of the offense. Presumably for the purpose of advising the jury on such matter, the trial court read to the jury the provisions of section 30, above quoted, of the uniform motor vehicle act, omitting, however, from subdivision (c) the reference to section 56 of the act. He did not read section 56, also quoted above, providing

the penalty for a violation of the provisions read and incorporating in the offense the additional element of knowledge on the part of the driver of the motor vehicle concerned that an accident had occurred. Neither was the jury told that defendant could not be convicted under the information against him unless the jury found that he knew, when he left the scene, that his vehicle had been involved in an accident. It should be noted in this connection that the case was tried prior to the decision of this Court in *People* v. *Lepler,* 315 Mich. 490. It was there held that an information failing to charge that the defendant knew of the accident when he left the scene was insufficient. In reaching such conclusion, it was said, in part:

"One of the statutory requisites is that the person charged was 'the driver of a vehicle who knows such vehicle has been involved in an accident.' 1 Comp. Laws 1929, § 4748, as amended by Act No. 262, Pub. Acts 1941* (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1945 Cum. Supp. § 9.1617)."

Sections 30 and 56 of the uniform motor vehicle act must be construed together, and the elements of the offense, with which the defendant was charged, determined accordingly. The form of the information in the case at bar indicates that it was drawn with such thought in mind. Among other averments therein, it was specifically alleged that defendant at the time had knowledge of the accident.

The record does not indicate that counsel for defendant submitted to the trial court any request to charge as to the specific elements of the offense. It may be inferred that no such request was made, and that the omission on the part of the trial judge to call the attention of the jury to the specific element in question was due wholly to an oversight. Defendant insists, however, that the omission was

---

* 2 Comp. Laws 1948, § 256.356.—REPORTER.

prejudicial to his rights, and that the charge as given was erroneous upon the ground that the jury might have been misled thereby as to the facts necessary to be found in order to support a verdict of guilty. On behalf of the people, it is argued that the failure of defendant to submit a proper request to charge precludes him from now asserting that the omission to include the element of knowledge in referring to the offense set forth in the information constitutes reversible error.

Attention is called to 3 Comp. Laws 1929, § 17322* (Stat. Ann. § 28.1052) (section 29 of chapter 8 of the code of criminal procedure†), which contains the following provision:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

It should be noted that the same section of the statute requires that:

"The court shall instruct the jury as to the law applicable to the case."

The provisions quoted must be construed together, and in the light of constitutional guaranties designed to protect the rights of one accused of crime, and also in connection with other provisions of the criminal code. It is the duty of a trial court in charging a jury as to the elements of an offense, and what must be proved in order to establish such elements, to do so accurately. The proper protection of the rights of an accused on trial requires this to be done. *People* v. *Prinz,* 148 Mich. 307.

This Court has had occasion in many cases, both before and since the enactment of the provisions of the code of criminal procedure of 1927, above men-

---

* 4 Comp. Laws 1948, § 768.29.—REPORTER.
† Act No. 175, Pub. Acts 1927.—REPORTER.

tioned, to consider the effect of an omission in a charge in a criminal case, to which the attention of the Court is not directed by a specific request. Thus in *People* v. *Robinson,* 228 Mich. 64, it was held that where the charge in a homicide case covered the essentials of the offense, defendant was not in position to assign error for failure to cover other incidental matters concerning which a request to charge was not submitted. Likewise, in *People* v. *Manchester,* 235 Mich. 594, the failure to define included offenses mentioned by the trial court in the charge was held not to be reversible error in the absence of a request on the matter. In *People* v. *Allie,* 216 Mich. 133, it was held, overruling certain prior decisions, that the failure on the part of the trial court to specifically instruct the jury with reference to possible conviction on certain included offenses was not, in the absence of a request to so charge, reversible error. See, also, *People* v. *Jones,* 273 Mich. 430. Under a similar situation, the failure to define terms used by the court in his charge to the jury, such terms being generally familiar, was held, in *People* v. *Cannon,* 252 Mich. 182, not a proper basis for a claim of error. Likewise, in *People* v. *Petrosky,* 286 Mich. 397, in which defendant was convicted of breaking and entering in the daytime with intent to commit larceny, it was held that the failure of the court, in the absence of a request therefor, to define the term "larceny" was not error of which defendant could complain. In other instances the absence of any question as to the existence of a particular fact has been held to obviate the necessity of a specific definition of a term involved in the statement of the offense charged. *People* v. *Carey,* 125 Mich. 535; *People* v. *Cabassa,* 249 Mich. 543. See, also, *People* v. *Scaduto,* 301 Mich. 700; *People* v. *Barringer,* 311 Mich. 345; *State* v. *Banoch,* 193 Iowa, 851 (186 N. W. 436).

In *People* v. *Brott,* 163 Mich. 150, the defendant was charged with breaking and entering in the nighttime a store not adjoining to or occupied with a dwelling house. The trial court failed to charge the jury that, in order to convict, they must find, as one of the elements of the specific offense charged, that the store was not so adjoining or occupied. In commenting on the situation, it was said:

"The testimony was abundant that the store was not adjoining to nor occupied with a dwelling house, and there was no testimony to the contrary, and there was no request to charge that it was essential that the jury investigate or find the fact as charged. It is contended in this Court, apparently for the first time, that the testimony left the fact in doubt. We think otherwise, and the court might properly have so informed the jury."

The court discussed at some length the effect of the failure to submit a proper request to charge on the matter, concluding that, under the facts in the case, the defendant was not in position to assert error. The conviction was, therefore, affirmed. The statements in the opinion with reference to the failure to present the proper request must be construed as referring to the situation before the court.

Attention is also called by the prosecuting attorney to *People* v. *Graves,* 74 Cal. App. 415 (240 Pac. 1019), and *People* v. *Thompson,* 123 Cal. App. 726 (12 Pac. [2d] 81). In the first case cited, defendant was prosecuted for leaving the scene of an accident, in violation of a statute of the State. The trial court omitted to charge the jury that knowledge was an essential element of the offense, indicating, rather, that the duty to stop existed. In affirming the conviction, it was said by the appellate court that it was not conceivable that the jury would have convicted the defendant without being "assured to a certainty" that he had knowledge of the accident at

the time he left the scene. The court pointed out that the accident occurred in broad daylight, that the body of the man struck and injured was carried for 27 feet on the front of defendant's car, and that defendant immediately advised his driver to leave the scene rapidly. Likewise in the *Thompson Case,* which involved the same question, it appeared that the defendant had knowledge of the collision. After driving some distance from the scene, he turned about and retraced his course, passing the scene of the collision, but did not stop.

In each of these cases it is a fair conclusion that the appellate court considered that the matter of knowledge on the part of the driver of the automobile involved in the accident was established beyond any reasonable question. They must be read in connection with *People* v. *Rallo,* 119 Cal. App. 393 (6 Pac. [2d] 516), where it was held that the charge of the trial court, to the effect that it was the duty of the driver of an automobile striking a person to stop and render assistance in all cases, was "fatally defective" because omitting the essential element of knowledge on the part of the accused that injury had been inflicted by his vehicle upon another person. In support of such conclusion the decision of the California supreme court in *People* v. *Scofield,* 203 Cal. 703 (265 Pac. 914), was cited. It was there held that an instruction which declared it to be the duty of the driver of a motor vehicle injuring another person in an accident to stop in all cases was erroneous in that it omitted the necessity of the finding, to support a conviction, that the accused knew of such injury. The court did not specifically pass on the question as to whether such erroneous instruction required reversal, it having been determined that the evidence in the case was not sufficient to support the conviction.

Subject to the exception recognized when a fact is not in dispute and is established by competent proof beyond any reasonable doubt, it is the duty of the trial court in a criminal case to indicate to the jury with reasonable certainty the offense with which the defendant is charged. As we said in *People* v. *Ring,* 267 Mich. 657, 661 (93 A. L. R. 993):

"The office of the charge is to apprise the jury of the questions involved and the rules of law applicable thereto."

It is incumbent upon the people in every criminal prosecution, in order to warrant a conviction, to prove beyond a reasonable doubt that the crime charged was committed, and that the person or persons on trial committed it. The claim of alibi on the part of an accused does not change this situation in any particular. *People* v. *Pratt,* 251 Mich. 243. The charge of the trial court stating some of the elements of the offense involved in the case, without reference to others, would have a natural tendency to cause a jury to believe that those stated were exclusive. In the case at bar, the jurors might well have understood from the charge as given that they were concerned solely with the elements of the offense as named in section 30 of the uniform motor vehicle act. It must be assumed, of course, that the jurors accepted the law as the court gave it to them.

On this record the court may not say that the driver of the automobile involved in the fatal accident knew when he left the scene that he had struck and injured a person. The matter of such knowledge was one to be determined by the jury on the basis of the proofs. Under the situation here presented, the failure to cover in the charge the element of knowledge, as set forth in section 56 of the statute, was error. The practical result, because of the omission, was an erroneous statement of the offense.

We are, in consequence, dealing with an erroneous charge rather than one that merely fails to define a term, cover an incidental issue involved in the case, or discuss a question concerning which there is no dispute. *People* v. *Jones, supra; People* v. *Kanar,* 314 Mich. 242. The statement as to the elements of the offense charged against the defendant was not supplemented or corrected by other portions of the charge. As before noted, no reference was made by the trial court, in submitting the case to the jury, to the necessity of finding, in order to support a verdict of guilty, that defendant knew when he left the scene that an accident had occurred in which his automobile was involved. We cannot say that the jury was not misled by the charge as given.

Other matters discussed by counsel in their briefs and on oral argument are not of such character as to render it probable that they will again arise on a retrial. It is, therefore, unnecessary to discuss them specifically at this time. Because of the error in the charge, above referred to, the verdict and judgment are set aside, and the case remanded for a new trial.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, and BUTZEL, JJ., concurred.

DETHMERS, J., did not sit.