PEOPLE *v*. OBERSTAEDT.

1. RAPE—INDECENT LIBERTIES.

The crime of indecent liberties, defined by statute as taking or attempting to take indecent and improper liberties with the person of a child under the age of 16 years without committing or intending to commit the crime of rape, although having some of the characteristics of assault with intent to commit rape, is nevertheless not 1 of the lesser degrees of statutory rape (CLS 1956, § 750.336).

2. INDICTMENT AND INFORMATION—RAPE—INCLUDED OFFENSES—ASSAULT WITH INTENT TO COMMIT RAPE.

An information for rape necessarily embraces the lesser included offense of assault with intent to commit rape (CLS 1956, § 750.520).

3. SAME—INDECENT LIBERTIES.

The crime of indecent liberties as defined by statute expressly requires that the information negates statutory rape, intended or committed (CLS 1956, § 750.336).

4. RAPE—ASSAULT WITH INTENT TO RAPE.

Intent is the gist of the offense of assault with intent to rape (CLS 1956, § 750.520).

5. CRIMINAL LAW—INFORMATION JOINING COUNT FOR RAPE AND FOR INDECENT LIBERTIES—INSTRUCTIONS.

It is permissible to join in an indictment or information a count charging the accused with statutory rape with a count charging such accused with taking indecent and improper liberties with

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  6 Am Jur 2d, Assault and Battery § 41.
[2, 5-7]  27 Am Jur, Indictments and Informations § 105; 44 Am Jur, Rape §§ 46, 47.
[3]  27 Am Jur, Indictments and Informations § 106; 44 Am Jur, Rape § 50.
[4]  44 Am Jur, Rape § 24.

the person of the female child without committing or intending to commit the crime of rape and the jury may convict of *either offense but not both offenses* (CL 1948, § 767.82).

6. Same—Rape—Indecent Liberties—Joinder of Counts—Instructions—Request to Charge.

The failure of the trial court to charge jury in prosecution under an information charging statutory rape and taking indecent liberties with the person of a female child without committing or intending to commit the crime of rape was reversible error even though no request so to charge was proffered, since the statute authorizing the joinder of such counts in the same information permits the jury to convict only under either count and the definitions of the crimes involved are such that conviction for 1 negates a conviction for the other (CLS 1956, §§ 750.336, 750.520; CL 1948, § 767.82).

7. Indictment and Information—Separate Offenses Charged in Same Information.

Separate and distinct offenses springing out of substantially the same transaction may be charged as separate counts in an information in order that 1 or more of the counts may be found upon trial to meet the evidence, since the object of so doing is calculated to promote justice and cannot confuse or prejudice the defense of the accused.

Appeal from Oakland; Holland (H. Russel), J. Submitted December 6, 1963. (Calendar No. 97, Docket No. 50,155.) Decided April 6, 1964.

Alfred Oberstaedt was convicted of indecent liberties and assault with intent to commit rape. Reversed and new trial ordered.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George F. Taylor,* Prosecuting Attorney, and *David F. Breck,* Assistant Prosecuting Attorney, for the people.

*Renne, Peres, Powell & Carr* (*Anthony Renne,* of counsel), for defendant.

Smith, J. Defendant was arrested and tried on a 2-count information charging sex offenses com-

mitted upon a 15-year-old female. Defendant was charged in 1 of the counts of the information with statutory rape,[1] the other count charging the crime of indecent liberties.[2] The offenses charged were alleged to have been committed on July 3, 1961. Testimony was presented by the prosecution to the effect that defendant, the prosecutrix and a girl friend of the latter, spent the night in question at defendant's home. During this time the improprieties allegedly occurred, consisting of defendant's application of lotion and talcum to the unclothed body of the prosecutrix, followed "a couple of minutes" later with defendant's attempt to have sexual intercourse with the prosecutrix.

At the close of proofs the jury returned separate verdicts finding defendant guilty of assault with intent to commit rape and indecent liberties. Following rendition of the verdicts, defendant was sentenced to terms of 2–1/2 to 10 years imprisonment for each offense, said sentences to be served concurrently. Upon leave granted, defendant appeals from his convictions and a denial of motion for new trial.

Among the errors asserted by defendant is that conviction for *both* assault with intent to rape and indecent liberties was illegal, it being claimed that the 2 offenses arose from the same transaction and were inconsistent with one another. Regarding this contention, defendant directs our attention to the statutory provision pertaining to indecent liberties, which provides in part:

"Any person or persons over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent and improper liberties with the person of such child, *without committing or intending to commit* the crime of

---

[1] CLS 1956, § 750.520 (Stat Ann 1954 Rev § 28.788).
[2] CLS 1956, § 750.336 (Stat Ann 1954 Rev § 28.568).

rape * * * shall be guilty of a felony." (Emphasis supplied.) CLS 1956, § 750.336 (Stat Ann 1954 Rev § 28.568).

The crime of indecent liberties, although having some of the characteristics of assault with intent to commit rape, is nevertheless not 1 of the lesser degrees of statutory rape. *People* v. *Noyes,* 328 Mich 207. An information for rape, however, necessarily embraces the lesser included offense of assault with intent to commit rape. *People* v. *Abbott,* 97 Mich 484 (37 Am St Rep 360). Further, while the aforementioned indecent liberties statute expressly requires negation of statutory rape, intended or committed, the intent is held to be the gist of the offense of assault with intent to rape. *People* v. *Dowell,* 136 Mich 306; *People* v. *Guillett,* 342 Mich 1.

In the case at bar defendant was tried on a 2-count information, a count for the crime of indecent liberties being joined with a count charging statutory rape. The joinder of these 2 counts in the information is permissible under the statutory provision that:

"Any indictment charging any person with rape, or an attempt to commit rape, upon any female, if such female shall be at the time such offense is claimed to have taken place, under the age of 16 years, may also contain a count charging such person with taking indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape; and the jury may convict of either offense." CL 1948, § 767.82 (Stat Ann 1954 Rev § 28.1022).

The count charging defendant with taking indecent liberties with the prosecutrix was contained in the information charging defendant with statutory rape, notwithstanding that the result was not a conviction for statutory rape, but rather for the lesser offense

of assault with intent to rape. Further support regarding the propriety of joinder of these counts may be gleaned from the following language of the Court in *People* v. *Johns,* 336 Mich 617, 622:

> "'"The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to 1 and the same transaction, so that 1 of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. It is a proceeding calculated to promote justice, and cannot confuse or prejudice the defense of the accused."'" Citing *People* v. *Aikin,* 66 Mich 460, 470 (11 Am St Rep 512); *People* v. *Larco,* 331 Mich 420, 428.

Thus, we are able to conclude that the joinder of counts in the subject information was proper. However, a question does remain as to the legality of conviction for both offenses.

The prosecution concedes that the case involves *but 1 transaction.* However, it contends that the jury could find that defendant took indecent liberties with the victim when he caressed her, and then assaulted complainant with intent to rape when he sought to have sexual intercourse with her. Defendant contends that he could not properly be found guilty of indecent liberties by assaulting the prosecutrix *without committing or intending to commit* rape, and also be found guilty of assaulting the prosecutrix *with intent* to commit rape, there admittedly being but 1 transaction. Defendant thus contends that the trial court erred in denying his motion for new trial, and with such contention we agree.

The definition of the crimes involved would result in the conviction for one negating a conviction for the other. The statutory provision allowing the

joinder of the count for indecent liberties with a count for statutory rape provides that the jury may convict of *either* offense. CL 1948, § 767.82 (Stat Ann 1954 Rev § 28.1022). The jury should have been so instructed. . Although the court properly instructed the jury as to the elements of the crimes charged, failure to charge that there could be conviction for *either* offense was error. Notwithstanding the absence of a request to charge to this effect, the trial court had the duty to charge the jury as to the law applicable to the case, his failure to do so constituting reversible error. *People* v. *Guillett,* 342 Mich 1.

Conviction reversed, sentences set aside, and a new trial ordered.

Kavanagh, C. J., and Dethmers, Kelly, Souris, and O'Hara, JJ., concurred with Smith, J.

Black, J., concurred in result.

Adams, J., took no part in the decision of this case.