PEOPLE v WATTS

OPINION OF THE COURT

1. HOMICIDE—MANSLAUGHTER—DEFENSES—SELF-DEFENSE—BURDEN OF PROOF.

The burden, when a defendant introduces evidence of self-defense in a trial for manslaughter, is on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense; the burden is not on the defendant to prove that he acted in self-defense.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—MISLEADING INSTRUCTIONS.

Instructions to the jury will be upheld when, upon reading the charge as a whole, it conclusively appears that the jury could not have been misled.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—FAILURE TO OBJECT—PRESERVING QUESTION.

Failure of a defendant to object to a trial court's instructions to the jury precludes appellate review of those instructions.

DISSENT BY R. M. MAHER, J.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFINITION OF OFFENSE—REQUEST FOR INSTRUCTIONS.

*The trial judge in a criminal case should instruct the jury as to the general features of the case, define the offense and indicate that which is essential to prove in order to establish the offense, even in the absence of request for such instructions.*

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—MISLEADING INSTRUCTIONS —BURDEN OF PROOF.

*A conviction for manslaughter should be reversed where the jury*

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 249.
[2, 5] 75 Am Jur 2d, Trial § 624.
[3] 75 Am Jur 2d, Trial §§ 915, 916.
[4] 75 Am Jur 2d, Trial §§ 710–722.
[6] 75 Am Jur 2d, Trial §§ 628, 920.

*charge is misleading in that an instruction which placed the burden of proving self-defense upon the defendant was not cured by further specific statements by the trial court.*

6. Criminal Law—Instructions to Jury—Conflicting Instructions.

   *It may be presumed that the jury followed the erroneous instruction where instructions to the jury conflict, one being correct and the other erroneous.*

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted Division 1 April 16, 1975, at Detroit. (Docket No. 19734.) Decided May 28, 1975. Leave to appeal denied, 394 Mich 829.

James Watts was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. Gillis, P. J., and Quinn and R. M. Maher, JJ.

J. H. Gillis, P. J. Defendant was found guilty by a jury of the crime of manslaughter, contrary to MCLA 750.321; MSA 28.553. He was sentenced to serve 4 to 15 years in prison, and now appeals as a matter of right.

Defendant has raised several issues on appeal, but only two of these merit discussion. The first is defendant's allegation that the trial court committed reversible error in its instructions to the jury on self-defense. Defendant claims that the trial

court's instructions improperly shifted the burden of proving self-defense to the defendant. The people, however, contend that when read as a whole, the instructions adequately informed the jury that the burden on every issue was on the prosecution.

The instruction complained of was that if "you * * * believe beyond a reasonable doubt that the defendant in attempting to prevent the taking of his property found himself in some personal physical danger * * * [then] the defendant would have a right to use deadly force in his effort to prevent the taking of his property so long as he at the same time were defending himself from personal physical danger".

When a defendant introduces evidence supporting the defense of self-defense, "[t]he burden of proof to exclude the possibility that the killing was done in self-defense rests on the prosecution". *People v Stallworth,* 364 Mich 528, 535; 111 NW2d 742, 746 (1961), *People v Jackson,* 390 Mich 621, 626; 212 NW2d 918, 920 (1973). Thus, the burden is not on the defendant to prove that he acted in self-defense, but rather on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense.

However, when the charge is read as a whole, if it conclusively appears that the jury could not have been misled by the language complained of, the instructions will be upheld. *People v Tubbs,* 147 Mich 1, 12; 110 NW 132, 136 (1907), *People v Jew,* 21 Mich App 408, 412; 175 NW2d 544, 545–546 (1970).

In view of the fact that the court did instruct that the prosecution bears the burden of proving defendant's guilt and that the defendant does not assume any burden at all, that the defendant is presumed innocent throughout the entirety of the

trial and that the court instructed on the definition of reasonable doubt, the jury was not misled to believe that defendant must prove his defense of self-defense.

It should also be noted that the defendant in this case did not offer any instructions to the court on the point in issue. Furthermore, defendant also failed to object to the complained-of instructions, and thus failed to preserve the issue for appeal. *People v Lee,* 391 Mich 618, 640; 218 NW2d 655, 667 (1974), and *People v Howard,* 391 Mich 597, 602; 218 NW2d 20, 22 (1974).

Defendant also assigns as error that the trial judge failed to instruct the jury that their verdict must be unanimous. Our examination of the entire instruction given by the court leads us to conclude that such instructions are substantially in accord with those approved in *People v King,* 51 Mich App 788; 216 NW2d 76 (1974). In addition, defendant failed to object to the charge and when offered the opportunity to poll the jury, declined to do so.

Affirmed.

Quinn, J., concurred.

R. M. Maher, J. *(dissenting).* The trial court instructed the jury in this case as follows:

"You must therefore, members of the jury, in deciding this case, determine whether or not from the testimony you believe and believe beyond a reasonable doubt that the defendant in attempting to prevent the taking of his property found himself in some personal physical danger. I charge you as a matter of Michigan law that the defendant would have a right to use deadly force in his effort to prevent the taking of his property so long as he at the same time were defending himself from personal physical danger.

       \*   \*   \*

"The defendant would have no right to use deadly

force without your believing beyond a reasonable doubt that he was doing so in order to prevent physical danger to himself.

"Now, it is the defendant's reasonable belief which you must assess in this particular case. If you find from the evidence that the defendant at the time that he shot his rifle reasonably believed that he was in some personal physical danger as a result of the exercise of his rights to protect his property—if that's what you find he was doing—you may give the defendant the benefit of that doubt and so you are to determine that the taking of the life in this particular case was not unlawful."

The above charge placed on defendant the burden of establishing his defense of self-defense. This was erroneous since "[t]he burden of proof to exclude the possibility that the killing was done in self-defense rests on the prosecution". *People v Jackson,* 390 Mich 621, 626; 212 NW2d 918 (1973), quoting *People v Stallworth,* 364 Mich 528, 535; 111 NW2d 742 (1961).

Generally, failure to object to the charge given waives any objection on appeal. GCR 1963, 516.2. However, as the Supreme Court pointed out in *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967):

"It is settled law of this state that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People v Prinz,* 148 Mich 307 [111 NW 739 (1907)], *People v Kanar,* 314 Mich 242, 245 [22 NW2d 359 (1946)], *People v Hearn,* 354 Mich 468 [93 NW2d 302 (1958)]. Similarly, without a request, a case may be reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent

though not legally necessary point. *People v Mac-Pherson,* 323 Mich 438, 448 *et seq.* [35 NW2d 376 (1949)], *People v Guillett,* 342 Mich 1, 7 [69 NW2d 140 (1955)], *People v Oberstaedt,* 372 Mich 521, 526 [127 NW2d 354 (1964)]. Defendant has a right to have a properly instructed jury pass upon the evidence. *People v Visel,* 275 Mich 77, 81 [265 NW 781 (1936)]."

Here, considering the charge in its entirety, it appears to be misleading in that the instruction which placed the burden of proving self-defense upon defendant was not cured by further specific statements by the trial court. The fact that the trial court properly instructed the jury that the prosecution bears the burden of proving defendant's guilt beyond a reasonable doubt is not determinative. Where instructions conflict, one correct and the other erroneous, it may be presumed that the jury followed the erroneous charge. *People v Eggleston,* 186 Mich 510, 514–515; 152 NW 944 (1915).

I would reverse and remand for a new trial.