PEOPLE v NORWOOD

Docket No. 53617. Submitted June 30, 1982, at Grand Rapids.—Decided February 23, 1983. Leave to appeal denied, 417 Mich 1006.

Robert L. Norwood was convicted by a jury in Berrien Circuit Court, William S. White, Jr., J., of assaulting a jail custodian. Defendant appeals by leave granted. *Held:*

1. The trial court erred in denying defendant's motion for a new trial following a hearing held to determine whether the prosecution had failed to exercise due diligence in producing two res gestae witnesses and whether the defendant had been prejudiced as a result. The court ruled that the two individuals were res gestae witnesses and that the prosecution had not been duly diligent in its efforts to produce them at trial but that their testimony would have been cumulative to that of other witnesses and that defendant was therefore not prejudiced by their nonproduction. Cumulative evidence which rebuts the prosecutor's case should be admissible if it assists the defendant. Clearly the testimony of the two witnesses would have been helpful to defendant and would likely have enhanced his credibility in the eyes of the jury.

2. Defendant's claim that no evidence was presented on the element of lawful imprisonment to sustain his conviction is rejected. Evidence was introduced that defendant was lawfully arrested at the time he committed the offense for which he was convicted.

3. On retrial, the jury should be instructed on the element of

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 5 Am Jur 2d, Appeal and Error § 738.
  29 Am Jur 2d, Evidence § 256.
[2, 9] 29 Am Jur 2d, Evidence § 708.
[3, 6] 29 Am Jur 2d, Evidence § 148.
[4] 30 Am Jur 2d, Evidence § 1172.
[5, 8, 10] 5 Am Jur 2d, Appeal and Error § 815.
  6 Am Jur 2d, Assault and Battery § 13.
  75 Am Jur 2d, Trial § 719.
[6] 6 Am Jur 2d, Assault and Battery § 69.
[7] 5 Am Jur 2d, Appeal and Error § 894.
  75 Am Jur 2d, Trial § 925.
[8, 10] 20 Am Jur 2d, Courts §§ 199, 233.

whether or not defendant intended to injure or intended to put the victim in reasonable fear or apprehension of a battery.

4. On retrial, the jury should be specifically instructed that the prosecution has the burden of disproving defendant's claim of self-defense beyond a reasonable doubt.

5. Defendant's claim that the prosecutor violated the district court's sequestration order by allowing police witnesses to read the transcript of their preliminary examination testimony, thereby denying defendant a fair trial, is specious.

6. Defendant's claim that rebuttal evidence was improperly admitted for impeachment on a collateral matter has not been preserved for review.

R. M. MAHER, J., concurred but wrote separately to state his view that the trial court's error in failing to instruct the jury that it must find that the defendant acted with specific intent in order to convict him of assault is a sufficient ground in itself to reverse defendant's conviction.

Reversed and remanded for a new trial.

M. J. KELLY, P.J., dissented. He finds no error in the trial court's ruling that the testimony the missing res gestae witnesses would have given was merely cumulative and therefore need not be produced. He would hold that the failure of the trial court to instruct the jury that it must find that defendant acted with specific intent in order to convict him of assault was not reversible error. He would affirm defendant's conviction.

### OPINION OF THE COURT

1. EVIDENCE — CRIMINAL LAW — CUMULATIVE EVIDENCE.

   It was error for a trial court to rule that evidence advanced by a defendant to rebut the prosecution's case against him need not be produced because it was "merely cumulative"; "merely cumulative" usually means cumulative to the prosecution's case, and cumulative evidence which rebuts the prosecution's case should be admissible if it assists the defendant.

2. WITNESSES — RES GESTAE WITNESSES.

   The purposes for requiring the production of res gestae witnesses include: protecting the defendant against false accusation, preventing suppression of testimony favorable to the accused, and ensuring the disclosure of all the circumstances.

3. WITNESSES — RES GESTAE WITNESSES.

   The burden of producing res gestae witnesses is on the prosecution; an exception to this rule excuses the prosecution only where the witness's identity is known only to the defendant.

4. EVIDENCE — CRIMINAL LAW.

Evidence must be introduced on each element of the crime charged to sustain a conviction.

5. ASSAULT AND BATTERY — INTENT — JURY INSTRUCTIONS.

It is reversible error for a court not to instruct the jury on the element of intent in an assault case; the jury must be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

6. CRIMINAL LAW — DEFENSES — SELF-DEFENSE — BURDEN OF PROOF.

The burden, when a defendant introduced evidence of self-defense, is on the prosecution to prove beyond a reasonable doubt that the defendant did not act in self-defense; the burden is not on the defendant to prove that he acted in self-defense.

7. CRIMINAL LAW — JURY INSTRUCTIONS — MISLEADING INSTRUCTIONS.

Instructions to the jury will be upheld where, upon reading the charge as a whole, it conclusively appears that the jury could not have been misled.

CONCURRENCE BY R. M. MAHER, J.

8. COURTS — SUPREME COURT — RETROACTIVE APPLICATION OF DECISIONS — ASSAULT AND BATTERY — FELONIOUS ASSAULT — JURY INSTRUCTIONS.

*A Supreme Court decision which does not announce a new rule but merely clarifies existing law is entitled to retroactive effect; therefore, the Supreme Court's decision in* People v Joeseype Johnson, *407 Mich 196; 284 NW2d 718 (1979), that a trial court, in a jury trial, must instruct the jury that there must have been either an intent to injure or an intent to put the victim in reasonable fear or apprehension of a battery before a defendant can be found guilty of felonious assault, is entitled to retroactive effect since that decision merely clarified existing law.*

DISSENT BY M. J. KELLY, P.J.

9. WITNESSES — RES GESTAE WITNESSES — CUMULATIVE TESTIMONY.

*It was not error for a trial court to rule that evidence advanced by a defendant to rebut the prosecution's case against him need not be produced because it was "merely cumulative" where the evidence advanced by the defendant would be testimony that alleged res gestae witnesses would have given if called to testify; missing testimony which would favor a defendant may*

*be found to be merely cumulative and, as such, not essential for the prosecutor to produce.*

10. Assault and Battery — Felonious Assault — Intent — Jury Instructions.

   *A precedential Supreme Court decision in a case wherein the Court held that a trial court, in a jury trial, must instruct the jury that there must have been either an intent to injure or an intent to put the victim in reasonable fear or apprehension of a battery before a defendant can be found guilty of felonious assault need not be given retroactive effect in every case.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud),* for defendant on appeal.

Before: M. J. Kelly, P.J., and R. M. Maher and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. Defendant was convicted by a jury of assaulting a jail custodian, MCL 750.197c; MSA 28.394(3), and appeals by leave granted. We reverse because the trial court erred in concluding that the defendant was not prejudiced by the failure of the prosecution to exercise due diligence to produce two endorsed res gestae witnesses at trial.

On February 18, 1979, defendant was arrested on a charge of assault with intent to murder and was taken to the Berrien County Jail for booking.

While incarcerated in a holding cell near the front desk, defendant observed the booking of Roy Coleman. One of the police deputies misidentified Coleman as Ricky Norwood, defendant's brother.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant immediately denied that Coleman was his brother. Coleman resisted when the deputies began to search him and was advised to place his hands on top of a screen to permit the officers to search him. When Coleman refused to remove his shoelaces, the deputies "laid him on the ground". Deputy Chandler produced a pocket knife and threatened to cut off the shoelaces, so Coleman relented and removed them himself.

Defendant felt the guards were using unnecessary force with Coleman, and there is credible testimony that excessive force was in fact used. Defendant began to yell that the guards were abusing Coleman and that he would testify for Coleman if a police brutality suit were brought.

The guards responded to defendant's outbursts by telling him to "shut up". There is a dispute whether the guards threatened defendant with "the same" treatment given to Coleman. Although defendant and other prisoners testified that Officer Chandler threatened defendant with physical harm, the guards testified that Chandler merely threatened to move defendant to a rear cell.

What next occurred is hotly disputed. According to Chandler, he walked over to the front holding cell, opened the door, and ordered defendant to come out in order to transfer him to a rear cell. Defendant, on the other hand, testified that he thought Chandler was coming to rough him up. In any case, defendant refused to leave the cell and stated that Chandler would have to remove him forcibly.

Chandler entered the cell and grabbed for defendant's arm. Defendant yanked his arm away, and a scuffle ensued. The testimony is inconsistent as to who struck first. The guards and prisoners Forker and Hurst testified that defendant struck

first, but prisoners Harrell and Kimble, and defendant himself, testified that Chandler struck first.

Deputy Doak testified that when the scuffle broke out, he immediately went to Chandler's aid. According to Doak, he and Chandler attempted to restrain defendant, but defendant managed to punch Doak in the face. Defendant and Chandler then fell to the floor struggling.

Defendant's account of the scuffle differs materially. He testified that Chandler entered the cell and hit him and that he tried to defend himself. Doak then entered the cell and grabbed him around the neck. Doak held him from behind and together the three fell to the floor, with Doak on the bottom, defendant in the middle, and Chandler on top. Defendant suggested that Doak may have been injured in the fall, but denied punching him. The fight ended when two other guards came into the cell, and defendant agreed to accompany them to the rear cell. Both defendant and Doak suffered bruises and scrapes requiring minor medical attention, and assault charges were filed against defendant.

## I

Defendant first claims that the trial court erred in denying his motion for a new trial following a *Pearson*[1] hearing held four months after his conviction. The hearing was held to determine whether the prosecution had failed to exercise due diligence in producing two res gestae witnesses, Claude Lawrence and Lawrence Kimble, and whether the defendant had been prejudiced as a result. The trial judge ruled that the two individuals were res gestae witnesses and that the prosecu-

---

[1] *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979).

tion had not been duly diligent in its efforts to produce them at trial. However, the trial judge concluded that their testimony was cumulative to that of other witnesses and thus their nonproduction did not prejudice the defendant. Accordingly, the motion for a new trial was denied.

We review the trial court's determination that the nonproduction of the witnesses did not prejudice the defendant only to ascertain whether there was an abuse of discretion. *People v Donald,* 103 Mich App 613; 303 NW2d 247 (1981). We are convinced that the trial judge abused his discretion in ruling that the testimony would be cumulative and therefore reverse the defendant's conviction.

At the *Pearson* hearing, Claude Lawrence testified that he was in the cell with defendant when Coleman was brought in for booking. Lawrence was moved to another cell immediately before the scuffle broke out and could not see the fight. However, he did testify that undue force was used to subdue Coleman and that this provoked defendant's vociferous protests.

Lawrence Kimble testified that he, too, was in the cell with defendant when the fight occurred. Contrary to the guards' testimony that Coleman was rather gently "laid" on the ground, Kimble stated that the guards "slammed" him to the floor. Kimble also refuted Deputy Chandler's testimony that he did not threaten defendant with the same treatment given Coleman.

The trial court erred in ruling this testimony to be "merely cumulative". "Merely cumulative" usually means cumulative to the *prosecution's* case; cumulative evidence which rebuts the prosecutor's case should be admissible if it assists the defendant. *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). Clearly, the testimony of these

two witnesses would have been helpful to defendant, since their testimony supported defendant's account of the incident in several particulars and would likely have enhanced his credibility in the eyes of the jury.

The purposes of requiring the production of res gestae witnesses include protecting the defendant against false accusation, *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955); preventing suppression of testimony favorable to the accused, *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975); and ensuring the disclosure of all the circumstances, *People v Fudge,* 66 Mich App 625; 239 NW2d 686 (1976). All these purposes were thwarted by the nonproduction of Kimble and Lawrence.

One other issue was raised at the *Pearson* hearing and on appeal here, although not addressed by the trial court. The prosecutor argues that, because defendant had taken the names and addresses of these witnesses soon after the incident occurred, the prosecution was excused from endorsing them.

The burden of producing res gestae witnesses is on the prosecution. An exception to this rule excuses the prosecution only when the witness's identity is known *only* to the defendant. *People v Gillam,* 93 Mich App 548; 286 NW2d 890 (1979). Here, the prosecutor was also aware of the identities of Kimble and Lawrence.

II

Defendant next claims that no evidence was presented on the element of "lawful imprisonment" to sustain a conviction under MCL 750.197c; MSA 28.394(3).

Mindful that evidence must be introduced on each element of the crime charged to sustain a conviction and that a conviction unsupported by the evidence violates due process, *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), we reject defendant's allegation.

Evidence was introduced that defendant was lawfully arrested at the time of the incident. It is immaterial that the charge of assault with intent to murder was later dismissed. Evidence of a lawful arrest suffices to establish the required element of lawful imprisonment under the statute.

## III

Defendant's third allegation of error is that the trial judge erred in failing to instruct the jury that it must find that defendant acted with specific intent in order to convict him of assault. In *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the Supreme Court held that it is reversible error not to instruct on the element of intent in an assault case. The Court held that the jury must be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery. 407 Mich 210.

In light of the need for a new trial, we will not address the question of *Johnson's* retroactivity, compare, *e.g., People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980), *lv den* 411 Mich 854 (1981), and *People v Starghill,* 99 Mich App 790; 298 NW2d 641 (1980). We merely hold that on retrial the jury should be instructed on the element of intent.

## IV

Defendant's fourth claim of error is that the

trial court failed to specifically instruct the jury that the prosecution had the burden of disproving self-defense.

When a defendant introduces evidence of self-defense, the burden of proof to exclude the possibility that the defendant did act in self-defense rests on the prosecution. *People v Watts*, 61 Mich App 309; 232 NW2d 396 (1975). However, if the charge to the jury, when read as a whole, is not misleading, the instructions will be upheld. *Watts*, p 311.

Although we are not convinced that the instructions given in this case were misleading, and would decline to reverse on this ground, on retrial the jury should be specifically instructed that the prosecution has the burden of disproving self-defense beyond a reasonable doubt.

V

Fifth, defendant claims that the prosecutor violated the district court's sequestration order by allowing police witnesses to read the transcript of their preliminary examination testimony, thus denying defendant a fair trial.

We regard this claim as specious. It is a well-recognized and common practice of prosecutors and defense attorneys alike to meet with their witnesses before trial to review earlier statements, depositions, and transcripts. *People v Rodgers*, 388 Mich 513; 201 NW2d 621 (1972); *People v Turner*, 41 Mich App 744; 201 NW2d 115 (1972). Other jurisdictions have properly held that a sequestration order expires when the defendant is bound over for trial. *Kansas v Freeman*, 223 Kan 362; 574 P2d 950 (1978).

VI

Defendant's final claim, that rebuttal evidence was improperly admitted for impeachment on a collateral matter, has not been preserved for review, since no objection was made at trial. *People v Buschard,* 109 Mich App 306; 311 NW2d 759 (1981).

Reversed and remanded for a new trial.

R. M. MAHER, J. *(concurring).* I concur with Judge TAHVONEN's opinion but write separately to express my views on an issue not decided by Judge TAHVONEN. The trial court failed to instruct the jury that it must find that the defendant acted with specific intent in order to convict him of assault. In *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the Supreme Court held that this error requires reversal. Defendant was convicted, however, before *Joeseype Johnson* was decided. In my view, *Joeseype Johnson's* holding applies retroactively:

"* * * [T]he Court in *Joeseype Johnson* did not announce a new rule but merely clarified existing law * * *." *People v Ideis,* 101 Mich App 179, 182-183; 300 NW2d 489 (1980), *lv den* 411 Mich 854 (1981).

Consequently, I hold that the trial court's error in its instructions to the jury is a sufficient ground for reversing defendant's conviction.

M. J. KELLY, P.J. *(dissenting).* I must dissent.

If the prosecution can establish that the missing testimony of a res gestae witness would have been of no assistance to the defendant, constitutes merely cumulative evidence, or that its absence was harmless error there is no ground for reversal.

*People v Pearson,* 404 Mich 698, 725; 273 NW2d 856 (1979). The first missing witness, Claude Lawrence, testified at the hearing on the motion for a new trial that he did not see the scuffle. A wall was blocking his view. Indeed, he testified:

"I didn't see who punched or who made the aggressive move."

The failure to produce this witness was harmless beyond a reasonable doubt.

The second missing witness, Lawrence Kimble, had a much better view of the scuffle. His testimony was indeed favorable to the defendant:

"*Q.* And, then, who initiated the physical contact?
"*A.* Well, he went to grab Norwood and Norwood went back, started backing up, and that's when he swung all *[sic]* at him.
"*Q.* Who swung at who?
"*A.* The officer swung at Norwood.
"*Q.* When Norwood backed up?
"*A.* Yeah.
"*Q.* Norwood had not thrown the first punch?
"*A.* No.
"*Q.* Where did the officer punch for?
"*A.* From the neck up, you know, his face.
"*Q.* A facial shot?
"*A.* Yes.
"*Q.* Okay. And that's when the scuffle began?
"*A.* Yes.
"*Q.* And that's exactly what you saw that took place?
"*A.* Yes."

At trial, however, testimony was admitted that was substantially the same as that of Lawrence Kimble. Roy Coleman, Edward Lamar Harrell, and the defendant each testified that it was the officer

who entered the defendant's cell, backed the defendant to the wall, and threw the first punch. Thus, Lawrence Kimble's testimony proves to be cumulative. It is not reversible error for the people to fail to produce such testimony. *Pearson, supra.* Testimony that is merely cumulative need not, under ordinary circumstances, be offered. *People v Bartlett,* 312 Mich 648, 654; 20 NW2d 758 (1945).

The majority opinion cites *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), for the proposition that "merely cumulative" means cumulative only to the prosecution's case and not to the defendant's. A careful reading of *Harrison,* however, does not reveal any such broad rule.

Contrary to the majority's interpretation of *Harrison,* missing testimony which would have favored a defendant may be found to be merely cumulative and, as such, not essential for the prosecutor to produce. See *People v Cooper,* 326 Mich 514, 523; 40 NW2d 708 (1950). Until the Supreme Court adopts a rule limiting the use of the merely cumulative rule to testimony which would favor the prosecution, I do not subscribe to precluding application of the rule in this case. I find no error in the trial court's ruling that though Lawrence and Kimble were res gestae witnesses the failure of the prosecution to exercise reasonable diligence to produce them did not constitute reversible error because their testimony was merely cumulative. This Court should not reverse absent a showing of abuse of discretion, and there was no abuse here.

As I do not join the majority in their reversal of defendant's conviction on the above issue, I address an issue which the majority found unnecessary to decide. In my view, the failure of the trial court to instruct the jury that it must find that defendant acted with specific intent in order to

convict him of assault was not reversible error. The ruling in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), does not apply retroactively to defendant's case. See *People v Starghill,* 99 Mich App 790, 792; 298 NW2d 641 (1980).

I agree with the majority's disposition of the remaining issues. I would affirm.