PEOPLE *v.* TAYLOR

1.  EVIDENCE—ADMISSIBILITY—SOUND RECORDINGS.
    Proper foundation for admission of sound recordings into evidence consists of: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that no changes have been made in the recording, (5) identification of the speakers, and (6) a showing that the testimony elicited was voluntarily made, without any inducement.

2.  APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    The Court of Appeals will not consider alleged error raised for the first time on appeal.

3.  GRAND JURY—ONE-MAN GRAND JURY.
    The statute providing for one-man grand juries is constitutional (MCLA § 767.3).

REFERENCES FOR POINTS IN HEADNOTES
[1] Admissibility of sound recordings in evidence. 58 ALR2d 1024.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 38 Am Jur 2d, Grand Jury § 16.
[4] 4 Am Jur 2d, Appeal and Error § 515.

4. Perjury—Criminal Law—Evidence.

> Sentence for three counts of perjury during a grand jury investigation must be reviewed where transcript does not contain evidence showing that two of defendant's statements to the grand jury, comprising two of the counts, were false (CL 1948, § 750.422).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 April 16, 1969, at Lansing. (Docket No. 3, 962.) Decided July 29, 1969. Rehearing denied September 19, 1969. Application for leave to appeal filed October 9, 1969.

Marshall Taylor was convicted of perjury. Defendant appeals. Remanded for reconsideration of sentence.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, *Dennis Donohue*, Chief Appellate Counsel and *Bruce T. Leitman*, Assistant Prosecuting Attorney, for the people.

*Seymour Berger*, for defendant.

Before: McGregor, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J. Defendant appeared before the Honorable Philip Pratt, circuit judge and grand juror, and was asked the following questions:

"1. While you were on the township board, did anyone ever approach you and offer you any consideration, money or otherwise in an attempt to influence your vote on any matter coming before the board?

"2. And did anyone complete the attempt, that is, did anyone actually pay you some money or any

other consideration for your vote on any matter before the township board?

"3. Do you have any knowledge of anyone paying any money to any township board member or to any township official to influence the action of such official?"

To each of these questions defendant answered, "No, sir."

Defendant was thereafter charged with perjury[1] on three counts, based upon his answers to the above questions, and found guilty. He raises 10 different claims of error, many of which appear almost frivolous.

Defendant claims that the examining magistrate erred in binding him over for trial on the charge of perjury. He contends that the State did not prove that the crime was committed because the transcript of the grand jury inquiry was not introduced into evidence. An examination of the transcript before the municipal judge reveals that the transcript of the grand jury was offered in evidence, defendant's attorney stated that he had no objections, and it was received. The various claims of error based on the assumption that the transcript before the grand jury was not admitted into evidence are untenable.

Defendant claims the trial judge erred by admitting certain recordings of conversations between the defendant and a prosecutor's witness. The rules that are generally considered to constitute a proper foundation for the admission of sound recordings into evidence are set forth in 58 ALR2d 1024, 1027:

"(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the re-

---

[1] CL 1948, § 750.422 (Stat Ann 1954 Rev § 28.664.)

cording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement."

The prosecution established the proper foundation and the trial court did not err by admitting the recordings into evidence.

Defendant claims that the trial court erred in refusing to quash the information where the information failed to allege both the materiality of the false statement and that the grand jury proceeding was one in which an oath was required. The record indicates that defendant filed two separate motions to quash the information prior to trial, but neither motion set forth the abovementioned grounds. This Court will not consider error alleged for the first time on appeal. *People* v. *Will* (1966), 3 Mich App 330.

The Supreme Court has decided that the one-man grand jury is constitutional and this issue does not require further discussion. *In re Colacasides* (1967), 379 Mich 69.

Defendant claims that the trial court erred by submitting the first two counts in the information to the jury as there was no evidence to substantiate a verdict of guilty on the counts. We agree. The transcript does not contain any evidence showing that anyone attempted or completed a bribe to the defendant while he was on the township board.

Defendant attempted to qualify his answer to the third question (Count 3), but at all times denied knowledge of any bribes to township officials. The testimony of one witness established that the defendant had bribed the witness, a township official,

and if believed by the jury was sufficient to sustain the conviction.

The other issues submitted by the defendant have been considered but do not merit discussion.

The case is remanded to the trial court for reconsideration of the sentence in light of this opinion.

All concurred.