PEOPLE v JOHNSON

Docket No. 78-3564. Submitted June 4, 1980, at Lansing.—Decided
    October 8, 1980.

Green T. Johnson was convicted of third-degree criminal sexual
    conduct in the Washtenaw Circuit Court, Henry Conlin, J. Nine
    days after the alleged criminal act took place, defendant made
    a voluntary exculpatory statement to the police explaining his
    activities on the night in question. The statement was tape
    recorded. Defendant took the stand during trial and, on cross-
    examination, the prosecutor attempted to impeach his trial
    testimony by questioning him about inconsistent remarks made
    in the earlier statement. The prosecutor informed defendant of
    the date and location of the prior statement and the police
    officer involved. Defendant admitted having made a statement
    but denied recollection each time he was questioned about
    specific remarks. In rebuttal, the prosecution called the police
    officer who had taken the statement. Over objection, the officer
    testified regarding the circumstances of defendant's statement,
    and the tape recording was played to the jury. Defendant
    appeals. *Held:*

    1. The prosecutor did not engage in prejudicial misconduct by
    concealing the fact that the defendant's statement to police had
    been tape recorded where the original information filed in the
    case indicated that defendant had made a statement to police
    which might be used as evidence, discovery efforts by defen-
    dant's counsel could have revealed the tape's existence, the
    officer taking the statement testified on the first day of trial
    that the defendant had "initialed a taped statement", and

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 896.

[2] 20 Am Jur 2d, Courts § 86.

[3] 81 Am Jur 2d, Witnesses § 607.

[4] 81 Am Jur 2d, Witnesses § 608.

Admissibility of sound recording in evidence for impeachment
    purposes. 58 ALR2d 1048.

[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 14, 15.

defendant's counsel did not request to listen to the tape before the defendant took the stand on the second day of trial.

2. A proper foundation for the introduction of the tape was laid by the prosecutor.

3. Both the taped statement and the officer's testimony concerning it were properly admitted.

4. Comments on the taped statement made by the police officer and summarizing the allegations against the defendant were not hearsay since they were admitted into evidence to aid the jury in understanding the defendant's statement.

Affirmed.

1. CRIMINAL LAW — STATEMENTS BY DEFENDANT — RECORDING OF STATEMENTS — PROSECUTORIAL MISCONDUCT — CONCEALMENT OF INFORMATION.

A prosecutor did not engage in prejudicial misconduct by concealing the fact that a defendant's statement to police had been tape recorded where the original information filed in the case indicated that defendant had made a statement to police which might be used as evidence, discovery efforts by defendant's counsel could have revealed that tape's existence, the officer taking the statement testified on the first day of trial that the defendant had "initialed a taped statement", and defendant's counsel did not request to listen to the tape before the defendant took the stand on the second day of trial.

2. EVIDENCE — COURT RULES — CONSTRUCTION OF RULES OF EVIDENCE.

Words are to be given their ordinary meaning in construing the rules of evidence.

3. EVIDENCE — IMPEACHMENT — PRIOR INCONSISTENT STATEMENTS.

A prosecutor laid a proper foundation for impeachment by use of evidence of a defendant's prior inconsistent statements by asking the defendant whether he had made the statements, giving the substance of the statements, indicating the time and place of the statement and naming the person to whom they were made.

4. EVIDENCE — PRIOR INCONSISTENT STATEMENTS.

Proof of a prior inconsistent statement may be made by extrinsic evidence, including a tape recording of that statement, where the witness denies recollection of the statement.

5. EVIDENCE — HEARSAY — TAPE RECORDED STATEMENTS.

Comments made by a police officer summarizing the allegations against the defendant made by a victim and contained in a

tape recorded statement by the defendant admitted into evidence are not hearsay where admitted to aid the jury in understanding defendant's answers to police questions on the tape.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Jerrold B. Sherman,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

PER CURIAM. Defendant was convicted by a jury of criminal sexual conduct in the third degree, contrary to MCL 750.520d; MSA 28.788(4). He was sentenced to a prison term of from 5 to 15 years and now appeals as of right.

On December 4, 1974, nine days after the alleged criminal act took place, defendant made a voluntary exculpatory statement to the police explaining his activities on the night in question. The statement was tape recorded. Defendant took the stand during trial and, on cross-examination, the prosecutor attempted to impeach his trial testimony by questioning him about inconsistent remarks made in the earlier statement. The prosecutor informed defendant of the date and location of the prior statement and the police officer involved. Defendant admitted having made a statement but denied recollection each time he was questioned about specific remarks. In rebuttal, the prosecution called police officer Fred LaBarge, who had taken the December 4, 1974, statement. Over objection, the officer testified regarding the circum-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stances of defendant's statement and the tape recording was played to the jury.

Defendant first argues that the prosecution committed misconduct by concealing the fact that defendant's statement had been tape recorded. The original information filed in the case indicated that defendant had made a statement to Officer LaBarge on December 4, 1974, which might be used as evidence. Discovery efforts by defense counsel could have revealed the existence of the tape recording. On the first day of trial, Officer LaBarge testified that defendant had "initialed a taped statement". Defense counsel did not request to listen to the tape before defendant took the stand on the second day of trial. Under these circumstances, we find there was no prejudicial misconduct by the prosecution.

Defendant next claims the prosecution laid an inadequate foundation for impeachment of his testimony with the prior inconsistent statements during cross-examination and for the playing of the tape in rebuttal. According to defendant, the tape recording was equivalent to a writing under MRE 613, which required disclosure of the contents of the tape recording to defendant to refresh his recollection prior to impeachment. The rule states:

"(a) * * * In examining a witness concerning a prior statement made by the witness, if written the statement must be shown to the witness and if oral, its substance and the time, place, and person to whom the statement was made must be disclosed to the witness, and on request must be shown or disclosed to opposing counsel.

"(b) * * * Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportu-

nity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801(d)(2)."

In construing MRE 613, words are to be given their ordinary meanings. See, *Samuel Reiter Painting Co v Bill Miedler Homes, Inc,* 87 Mich App 75; 273 NW2d 592 (1978), *lv den* 406 Mich 911 (1979). We believe that the plain meaning of "written" in the rule belies any claim that tape recordings should be considered as written statements. The prosecutor laid the proper foundation for impeachment by asking defendant whether he had made the prior inconsistent statements, giving the substance of the statements, indicating the time and place of the statement and naming the person to whom they were made. *People v Williams,* 93 Mich App 236; 287 NW2d 184 (1978).

Defendant's claim that it was improper for the trial court to allow the tape to be played in rebuttal, where he had denied recollection of the prior inconsistent statements, lacks merit. Where a witness denies recollection of a prior inconsistent statement, proof of that statement by extrinsic evidence can be made. *People v Martin,* 75 Mich App 6; 254 NW2d 628 (1977), *lv den* 402 Mich 881 (1978), *People v Lynn,* 91 Mich App 117; 283 NW2d 664 (1979). Defendant relies on *People v Miller,* 49 Mich App 53; 211 NW2d 242 (1973), in which this Court held that introduction of a witness's prior statements was improper impeachment where the statements concerned matters not testified to on direct examination. In the present case, defendant's prior statement concerned his activities on the night of the crime as did his testimony on direct examination. The trial judge specifically instructed the jury that only defen-

dant's testimony from the stand was to be considered as evidence and the sole purpose for admitting the recorded statement was rebuttal of such trial testimony.

The first portion of the tape recording contained the comments of police officer LaBarge summarizing the allegations made against defendant by the victim. Defense counsel objected to the officer's comments as hearsay. The trial judge overruled the objection and instructed the jury to consider the officer's statements not as evidence against defendant but only as a means of understanding the answers given by defendant in response to the officer's questions. MRE 801 defines hearsay as a statement, other than one made by the declarant at trial, offered in evidence to prove the truth of the matter asserted. Officer LaBarge's comments on the tape were offered to put the defendant's statements in the appropriate context, not to prove the truth of the matter asserted therein. They were not hearsay.

Finally, defendant contends that the prosecutor committed misconduct by encouraging the jurors to consider the tape recording as substantive evidence. No objection was made to this allegedly improper argument, which we believe was not so improper that any prejudicial effect could not have been eliminated by a curative instruction. Appellate review of this issue is foreclosed under *People v Walker,* 93 Mich App 189; 285 NW2d 812 (1979).

Affirmed.