PEOPLE v DONALD

Docket No. 49156. Submitted January 6, 1981, at Grand Rapids.—
Decided February 5, 1981.

Willie L. Donald was convicted by a jury in Lake Circuit Court of
felonious assault and was sentenced to two to four years
imprisonment, Richard I. Cooper, J. On appeal, defendant
contends that the trial court erred in ruling that the prosecu-
tion was not required to produce two alleged res gestae wit-
nesses and by allowing the use of a tape recording of a wit-
ness's preliminary examination testimony for impeachment
purposes. *Held:*

1. The trial court ruled that the prosecution exercised due
diligence in its attempts to produce the two alleged res gestae
witnesses. Determination of due diligence rests within the
sound discretion of the trial court and will not be overturned
on appeal absent a clear abuse of discretion. No clear abuse of
discretion has been shown.

2. A witness may be impeached with a tape recorded state-
ment notwithstanding the fact that the recording is not a
written statement within the plain meaning of the rules of
evidence. A proper foundation was laid and there was no error
in admitting the tape recorded preliminary examination testi-
mony.

Affirmed.

1. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — DUE
   DILIGENCE — DISCRETION — APPEAL.
   The question of whether due diligence has been shown by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 18.
   5 Am Jur 2d, Appeal and Error § 772-775.
   81 Am Jur 2d, Witnesses § 2.
[2] 29 Am Jur 2d, Evidence § 180.
[3] 81 Am Jur 2d, Witnesses §§ 527, 603.
[4] 81 Am Jur 2d, Witnesses §§ 519, 600.
[4, 5] 29 Am Jur 2d, Evidence § 436.
   Admissibility in evidence of sound recording as affected by hearsay
      and best evidence rule. 58 ALR3d 598.
   Admissibility of sound recordings in evidence. 58 ALR2d 1024.

prosecutor in attempting to produce res gestae witnesses is a matter for the discretion of the trial court whose decision will be overturned on appeal only where a clear abuse of discretion is shown.

2. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — NON-PRODUCTION OF WITNESSES — PRESUMPTION OF PREJUDICE.

A defendant in a criminal trial is presumed to be prejudiced by nonproduction of res gestae witnesses; however, this presumption may be overcome by the prosecution by establishing that the missing testimony would have been of no assistance to the defendant, that the missing testimony would merely constitute cumulative evidence, that its absence constitutes harmless error or by showing that the witness could not have been produced at trial.

3. WITNESSES — CRIMINAL LAW — IMPEACHMENT OF INCONSISTENT TRIAL TESTIMONY.

Preliminary examination testimony may be used to impeach a witness's inconsistent trial testimony.

4. WITNESSES — IMPEACHMENT — TAPE RECORDED STATEMENTS — RULES OF EVIDENCE.

A witness may be impeached with a tape recorded statement notwithstanding the fact that it is not a written statement within the plain meaning of the rules of evidence (MRE 613).

5. EVIDENCE — ADMISSIBILITY — SOUND RECORDINGS.

Proper foundation for admission of sound recordings into evidence requires: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that no changes have been made in the recording, (5) a showing of the manner of preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made, without any inducement.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Edward Carl Duckworth,* Prosecuting Attorney, for the people.

*Elwood Steven Berry, Jr.,* for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. On April 27, 1979, defendant was convicted by a Lake County Circuit Court jury of felonious assault in violation of MCL 750.82; MSA 28.277. Defendant was sentenced to two to four years imprisonment and appeals as of right raising two issues.

First, defendant maintains that the trial court committed reversible error in ruling that the prosecution was not required to produce two alleged res gestae witnesses. The first of these witnesses was one Willie Thomas. The prosecution detailed the extensive efforts used in an attempt to locate Thomas. These efforts included telephoning every hospital in Grand Rapids and Saginaw. The trial court ruled that the prosecution exercised due diligence in its attempts to produce Thomas. Determination of due diligence rests within the sound discretion of the trial court and will not be overturned on appeal absent a clear abuse of discretion. *People v Fournier,* 86 Mich App 768, 778-779; 273 NW2d 555 (1978), *People v Rimson,* 63 Mich App 1; 233 NW2d 867 (1975). We find no such abuse of discretion and concur in the trial court's finding that the prosecution followed through on every lead in their futile attempt to locate Mr. Thomas.

The second alleged res gestae witness was Horace Watson. Complainant's trial testimony indicated for the first time that Watson was present at the scene of the assault. The prosecution immediately issued a subpoena for Watson to appear at trial. The subpoena was taken to Watson's residence where it was learned that Watson had not been seen for two or three weeks and that nobody knew of Watson's whereabouts. All other witnesses

at the trial indicated that Watson was not present at the scene. The trial court ruled that the existence of Watson at the scene of the assault was a surprise to the prosecutor. The trial court further found that all of the witnesses who testified on behalf of the defendant indicated that Watson was not present at the scene. The trial court concluded by ruling that the nonproduction of Watson did not prejudice the defendant and therefore excused the prosecution from producing him. Again, this Court will not overturn the trial court's determination absent a clear abuse of discretion. *Fournier, supra, Rimson, supra.* Although the defendant is presumed to be prejudiced by nonproduction of res gestae witnesses, if the prosecution can establish that the missing testimony would have been of no assistance to defendant, that it merely constitutes cumulative evidence, that its absence constitutes harmless error *or* that the witness could not have been produced at trial, the burden of showing that the defendant has not been prejudiced has been met and the conviction should be affirmed. *People v Pearson,* 404 Mich 698, 725; 273 NW2d 856 (1979). In the present case, the prosecution did show that Watson's testimony would have been no help to the defendant. First, had Watson supported defendant's other witnesses, his testimony would have been cumulative. Secondly, had Watson testified differently, he would have discredited all of defendant's other witnesses and destroyed defendant's alibi. Additionally, it should be noted that defendant did not ask for a continuance for the opportunity of producing Watson. The prosecution did exercise due diligence in attempting to produce Watson in the short time span available upon learning that he may have been at the scene. For the above reasons, we can not find a clear abuse of discretion.

Defendant's other claim of error involves the use of a tape recording of a witness's preliminary examination testimony for impeachment purposes. At the time of trial, the preliminary examination court reporter had not yet transcribed the preliminary examination proceedings. It is undisputed that preliminary examination testimony may be used to impeach a witness's inconsistent trial testimony. *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970), *People v Thomas,* 96 Mich App 210, 217; 292 NW2d 523 (1980). However, defendant maintains that a witness may only be impeached with "written statements" and that the tape recorded preliminary examination does not qualify since it was not transcribed into written form. A panel of this Court has recently held that a witness may be impeached with a tape recorded statement even though a tape recorded statement is not a "written statement" within the plain meaning of MRE 613. *People v Johnson,* 100 Mich App 594; 300 NW2d 332 (1980). This decision is in accord with MRE 613 which allows for impeachment by both written and oral statements. Although defendant claims the prosecutor did not lay a proper foundation for the admission of the preliminary examination testimony, a review of the trial transcript clearly indicates that the substance and the time, place, and person to whom the statement was made was disclosed to the witness. Furthermore, the trial transcipt shows that the witness was afforded an opportunity to explain or deny the statement, thus qualifying the preliminary examination testimony for admission for impeachment purposes pursuant to MRE 613. The trial court correctly instructed the jury that the tape recorded preliminary examination testimony was not to be used as substantive evidence

but only in regard to determining defendant's credibility.

To qualify for admission into evidence, a proper foundation must also be laid as to the sound recording itself which includes:

" '(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.' " *People v Karmey,* 86 Mich App 626, 632; 273 NW2d 503 (1978).

See also *People v Parker,* 76 Mich App 432, 443; 257 NW2d 109 (1977), *People v Taylor,* 18 Mich App 381, 383-384; 171 NW2d 219 (1969), *aff'd* 386 Mich 204; 191 NW2d 310 (1971). A review of the trial transcript indicates that a proper foundation was laid through the testimony of George Duffing, the court reporter at the preliminary examination. As such, no error occurred in the admission of the tape recorded preliminary examination testimony.

Defendant's conviction is affirmed.