## PEOPLE v HALLIBURTON

Docket No. 51196. Submitted November 13, 1981, at Detroit.—Decided March 4, 1982.

Marcus Halliburton was convicted of armed robbery following a jury trial in Recorder's Court of Detroit, George W. Crockett, III, J. The complainant testified that she and her husband were pushed to the ground from behind, her purse was taken and two persons ran away. A police officer who observed the activities testified that defendant hit the complainant's husband on the head with a three-foot long stick and defendant's accomplice pushed the complainant down. The officer gave chase, commandeering the automobile of a private citizen. The private citizen was not endorsed and called by the prosecution. Neither defendant nor the codefendant moved for the endorsement of that person at trial; however, the trial court ruled that the citizen was a res gestae witness and the jury was instructed that, if it found the prosecution had not used due diligence to produce that witness, they could infer that the witness's testimony would have been unfavorable to the prosecution. Defendant appealed. On motion of defendant, the Court of Appeals remanded to the trial court for further proceedings, the Court of Appeals retaining jurisdiction. Defendant moved for a new trial on the basis of the failure of the prosecution to endorse and call the private citizen who had been found to be a res gestae witness. At the hearing on the motion the citizen gave testimony which had significant discrepancies from the testimony given by the police officer. The trial court found no prejudice resulting from the failure to endorse and call the witness and denied the motion for a new trial. After remand, *held:*

1. Because of the discrepancies between the testimony of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 836, 837, 848.

[1-3] 29 Am Jur 2d, Evidence §§ 180, 187, 723, 724.

81 Am Jur 2d, Witnesses § 2.

[2] 5 Am Jur 2d, Appeal and Error § 772.

[3] 58 Am Jur 2d, New Trial § 41.

[4] 67 Am Jur 2d, Robbery §§ 4, 11, 21.

uncalled witness and testimony of the police officer, such testimony would have been crucial in aiding the jury to assess the credibility of the prosecution's key witness, the police officer. The defendant was prejudiced by the prosecution's nonproduction of that witness at trial.

2. The testimony given at trial was sufficient to establish all the elements of armed robbery such as to warrant charging the jury on that crime.

Reversed and remanded.

1. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES.

The burden is upon the prosecution to establish that its failure to produce a res gestae witness did not adversely affect a defendant's right to a fair trial; that is, there is a presumption that the nonproduction of a res gestae witness resulted in prejudice to the defendant until the contrary is shown.

2. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — APPEAL.

The decision of the trial court on the question of whether the prosecution's nonproduction of a res gestae witness prejudiced the defendant will not be overturned on appeal absent a clear showing of abuse of discretion.

3. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES.

A retrial is mandated where it is established that the testimony of a res gestae witness who was not produced by the prosecution at trial differs substantially from the testimony given by the prosecution's key witness.

4. ROBBERY — ARMED ROBBERY — EVIDENCE.

The elements of armed robbery are sufficiently established to charge a jury on that crime where the testimony at trial established that the defendant pushed the complainant to the ground (which satisfies the assault element), took her purse (which satisfies the felonious taking of property element), and that the defendant was armed with a three-foot long stick which was used to strike a companion of the complainant (which satisfies the element of being armed with a dangerous weapon) (MCL 750.529; MSA 28.797).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Lippitt, Harrison, Perlove, Friedman, Zack & Whitefield* (by *John J. Goldpaugh),* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and MacKENZIE, JJ.

PER CURIAM. Defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and sentenced to 25 to 40 years imprisonment. He appeals as of right.

The complainant, who was 71 years old at the time of the incident, testified that on June 17, 1979, she and her husband were walking to church when they were approached from behind by two persons. Complainant and her husband were pushed to the ground and complaint's hands were injured as a result of the fall. One of the assailants grabbed complainant's pocketbook and the two men ran away. Complainant did not see the faces of the attackers nor did she see a stick.

Officer Magdeleno Diaz of the Detroit Police Department testified that he was in church when, through a window, he observed defendant Halliburton hit complainant's husband on the head with a three-foot long stick. He also testified that he saw codefendant McCadney push complainant to the ground and bend down near her. At that point, the officer exited from the church and chased after the two assailants. At some point during the chase, Officer Diaz commandeered a vehicle from a citizen, P. J. Boekhout. The officer continued the chase in the car and eventually caught and arrested defendant and codefendant.

Mr. Boekhout, the man whose car was commandeered by the officer, was not endorsed or called as

a witness, even though, according to Officer Diaz's testimony, defendant had run directly past Mr. Boekhout with the officer in hot pursuit some 35 yards behind.

Neither counsel for defendant nor for codefendant moved for endorsement or production of Mr. Boekhout as a res gestae witness. However, prior to closing argument, the trial court ruled that Mr. Boekhout was a res gestae witness. The jury was instructed to determine whether plaintiff had failed to exercise due diligence in the production of the witness and that, if they found a lack of due diligence, they could infer that the missing witness's testimony would have been unfavorable to the prosecutor's case.

Following the conviction, defendant filed a claim of appeal and this Court, by an order dated November 14, 1980, remanded to the trial court for a post-conviction proceeding to determine whether prejudice resulted from the failure to produce Mr. Boekhout. Following the hearing, the trial court found no prejudice and denied defendant's motion for new trial. Defendant appeals from the final order of the court.

Defendant contends that Mr. Boekhout's testimony at the post-remand hearing establishes that defendant was prejudiced by the nonproduction of the witness at trial. We agree.

In *People v Pearson,* 404 Mich 698, 725-726; 273 NW2d 856 (1979), the Supreme Court announced the following standard for assessing whether defendant actually suffered any prejudice:

"At either a post-remand hearing or a *Robinson* [390 Mich 629; 213 NW2d 106 (1973)] hearing, we would have the trial court assess whether the defendant actually suffered any prejudice and fashion appropriate remedies. The burden should be on the prosecution to

establish that its failure to exercise due diligence in the production of a res gestae witness did not adversely affect the defendant's right to a fair trial (*i.e.,* the defendant is presumed prejudiced until the contrary is established). If the prosecution can establish that the missing testimony would have been of no assistance to the defendant, that it merely constitutes cumulative evidence, that its absence constitutes harmless error or that the witness could not have been produced at trial, then this burden has been met and the conviction should be affirmed. A failure to meet this burden should result in a new trial." (Footnotes omitted.)

The trial court's decision of whether the nonproduction of a res gestae witness is prejudicial will not be overturned by this Court absent a clear abuse of discretion. *People v Donald,* 103 Mich App 613, 616; 303 NW2d 247 (1981).

Mr. Boekhout's testimony at the post-remand hearing was inconsistent with the account given by the officer at trial. While the officer testified that he was in hot pursuit as defendant ran directly past Mr. Boekhout, Mr. Boekhout stated that he saw no one run past. This and other significant discrepancies preclude a finding that nonproduction of the witness would have been of no assistance to defendant. We believe Mr. Boekhout's testimony would have been crucial in aiding the jury to assess the credibility of the prosecution's key witness.

Concerning another allegation of error put forth by the defendant, we conclude that all of the elements of armed robbery were presented sufficiently to warrant a charge of armed robbery. MCL 750.529; MSA 28.797. Testimony at trial established that defendant and his codefendant (not a part of this appeal) approached complainant from behind and pushed her to the ground; this constituted an assault. The taking of complain-

ant's purse constituted the felonious taking of property which might be the subject of larceny from the complainant or her presence. Finally, the stick which was used to strike complainant's husband was used as a dangerous weapon in furtherance of the unlawful taking. It is irrelevant that it was not the complainant who was the victim of the blow with the stick. There was an assault and unlawful taking of property which might have been the subject of larceny from the complainant by one armed with a dangerous weapon. *People v McGuire,* 39 Mich App 308; 197 NW2d 469 (1972), *lv den* 387 Mich 810 (1972).

Reversed and remanded.