## PEOPLE v HARPER

Docket No. 63640. Submitted March 15, 1983, at Detroit.—Decided May 18, 1983.

Darius Harper was convicted by a jury in Detroit Recorder's Court of taking possession of and driving away a motor vehicle and was sentenced, John Patrick O'Brien, J. Defendant appeals. *Held:*

1. The trial court erred in failing to give a jury instruction that the jury could infer that the testimony of a missing res gestae witness would have been unfavorable to the prosecution's case where the prosecution conceded that the witness was in fact a res gestae witness and that it had not exercised due diligence in an attempt to produce the witness and by excusing production by ruling that the witness's testimony would have been merely cumulative.

2. The defendant's conviction must be reversed subject to the prosecution's right to seek a post-remand hearing concerning the existence of prejudice within 30 days from the issuance of the Court of Appeals opinion.

3. On remand, the burden is on the prosecution to show that the failure to produce the witness did not adversely affect defendant's right to a fair trial.

Remanded with instructions.

1. WITNESSES — RES GESTAE WITNESSES — MISSING WITNESSES — JURY INSTRUCTIONS.

It was error for a trial court not to give a jury instruction that the jury could infer that a missing witness's testimony would have been unfavorable to the prosecutor's case where the prosecutor admitted that the witness was a res gestae witness and that the prosecutor had failed to exercise due diligence in an attempt to produce the witness.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 29 Am Jur 2d, Evidence §§ 180, 181.
  75 Am Jur 2d, Trial § 771.
[1-4] 81 Am Jur 2d, Witnesses § 2.
[2] 4 Am Jur 2d, Appeal and Error § 18.

2. APPEAL — WITNESSES — RES GESTAE WITNESSES.

The Court of Appeals will not reverse a trial court's determination that the failure to produce a res gestae witness was not prejudicial to a defendant's case absent a clear abuse of discretion.

3. CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES.

The issues of the existence of prejudice to a defendant due to the nonproduction of a res gestae witness and the appropriate remedy in case of prejudice should be raised in a post-trial hearing where the trial judge determined that the prosecution failed to exercise due diligence to produce the missing res gestae witness but failed to give the missing witness jury instruction (CJI 5:2:14[3]).

4. CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES — BURDEN OF PROOF.

The prosecution has the burden, in a case on remand for a post-trial hearing to determine whether the prosecution failed to exercise due diligence to produce a missing res gestae witness, to show that the failure to produce the witness did not adversely affect the defendant's right to a fair trial; if the prosecution can establish by means other than the hearsay testimony of the missing witness that the testimony would have been of no assistance to the defendant, that it merely constituted cumulative evidence, that its absence constituted harmless error, or if it can prove that the witness could not have been produced at trial, then its burden is met.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: T. M. BURNS, P.J., and CYNAR and P. J. MARUTIAK,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. On December 17, 1981, defendant was convicted by a jury of taking possession of and driving away a motor vehicle, MCL 750.413; MSA 28.645, and was subsequently sentenced to a term of from three to five years imprisonment. He appeals as of right.

During the trial, the trial court conducted a hearing pursuant to *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), because the prosecution had not produced an endorsed witness. Even though the prosecution conceded that the witness was in fact a res gestae witness and that it had not exercised due diligence, the trial court excused production ruling that the witness's testimony would have been merely cumulative. Thus, the trial court failed to give the missing witness jury instruction. CJI 5:2:14(3).

In *People v Hadley,* 67 Mich App 688, 690-691; 242 NW2d 32 (1976), this Court said:

"We are hesitant to agree with the trial court's conclusion that the pilot's testimony would have been cumulative. We find the cumulative testimony exception to the res gestae witness rule to be most troublesome. This exception is often invoked where, as here, the court has no idea what testimony the witness might give. This Court has upheld the use of the cumulative testimony exception where 'in all probability the testimony would only have been cumulative'. *People v Reynold,* 20 Mich App 397, 399; 174 NW2d 25 (1969). * * * However, such an assumption seems to run contrary to the rule which gives a defendant the benefit of any doubt in determining whether a witness be endorsed and produced. * * * Therefore, we would rather not add further support to the paradoxical situation where only through the production of a witness can a court determine whether his testimony is cumulative but where his production is excused by deeming his testimony cumulative." (Citations omitted.)

See also *People v Rosemary Gibson,* 71 Mich App 543, 554-555; 248 NW2d 613 (1976), *lv den* 400 Mich 854 (1977). Establishing that the witness's testimony would only have been cumulative can be rather difficult when the witness is not present. Cross-examination could bring out certain facts not mentioned in the police report.

Probably to meet this concern the Supreme Court, in *People v Pearson,* 404 Mich 698, 722; 273 NW2d 856 (1979), established the following procedure for handling the situation where a res gestae witness had not been produced:

> "Assuming the trial judge decides that there was a lack of due diligence, * * * then the judge should instruct the jury that it may infer that the missing 'witness's testimony would have been unfavorable to the prosecutor's case'. CJI 5:2:14(3). However, determination of the existence of prejudice to the defendant and possible remedies must await the verdict.'

Thus, the trial court has no more than two determinations to make in such a case before the verdict—whether or not the witness is in fact a res gestae witness and whether or not the prosecution has exercised due diligence. Therefore, the trial court erred in failing to give CJI 5:2:14(3).[1]

The prosecution urges us to affirm defendant's conviction, arguing that because the witness's testimony was in fact cumulative the trial court did not abuse its discretion in finding it cumulative. This Court will not reverse a trial court's determination that a witness's nonproduction is not prejudicial absent a clear abuse of discretion. *People v Halliburton,* 114 Mich App 47; 318 NW2d 602

---

[1] To the extent that *People v Donald,* 103 Mich App 613, 615-616; 303 NW2d 247 (1981), diverges from the *Pearson* procedure in its treatment of the witness Horace Watson, we cannot follow it.

(1982). Before *Pearson,* this Court would decide such an issue even though the trial court had not held a post-verdict hearing on prejudice. *E.g., People v Fiorini,* 85 Mich App 226; 271 NW2d 180 (1978); *People v Abdo,* 81 Mich App 635; 265 NW2d 779 (1978), *lv den* 405 Mich 805 (1979). However, *Pearson* has changed this procedure. It is not for the Court of Appeals to decide in the first instance whether or not the defendant has been prejudiced: "Whether a defendant has been prejudiced by the prosecution's failure to exercise due diligence is a factual issue which should be resolved by the trial court." *Pearson,* 404 Mich 721. Therefore, the proper procedure is for us to reverse defendant's conviction "subject to the prosecution's right to seek a post-remand hearing, concerning the existence of prejudice, within 30 days from the issuance of this opinion". *Pearson,* 404 Mich 727. This is the procedure that the Supreme Court itself has been following. *E.g., People v Gojcaj,* 411 Mich 873 (1981); *People v Woodard,* 406 Mich 863; 275 NW2d 552 (1979). See also *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982); *People v Rivera,* 114 Mich App 419; 319 NW2d 355 (1982); *People v Reynolds,* 93 Mich App 516; 286 NW2d 898 (1979).

On remand, the burden is on the prosecution to show that the failure to produce the witness did not adversely affect defendant's right to a fair trial. *Pearson,* 404 Mich 725. Although the Supreme Court in *Pearson* specifically rejected an automatic grant of a new trial if the witness cannot be produced for the post-remand hearing, 404 Mich 724, it has also said:

"If the prosecution can establish by other than the hearsay testimony of the missing witness that the

testimony would have been of no assistance to the defendant, that it merely constituted cumulative evidence, or that its absence constitutes harmless error then its burden is met and the conviction should be affirmed." *People v Porter,* 406 Mich 890 (1979).[2]

Remanded with instructions to proceed according to this opinion. We retain jurisdiction pursuant to *Pearson,* 404 Mich 724.

---

[2] The prosecution can also meet its burden if it establishes that it could not have produced the witness at trial. *Pearson,* 404 Mich 725.