PEOPLE v BENNETT

Docket No. 72527. Submitted October 13, 1986, at Lansing. Decided
January 6, 1987.

Ronald Bennett was convicted of first-degree murder and posses-
sion of a firearm in the commission of a felony following a jury
trial in the Wayne Circuit Court. Defendant appealed and the
Court of Appeals reversed and remanded. See 116 Mich App
700 (1982). On retrial before a jury, Richard C. Kaufman, J.,
the defendant was convicted of the same offenses. Defendant
appealed and the Court of Appeals, in an unpublished per
curiam opinion, dated November 22, 1985 (Docket No. 72527),
remanded for a *Robinson* (*People v Robinson,* 390 Mich 629
[1973]) hearing, agreeing with defendant's argument that the
prosecution had failed to demonstrate due diligence in produc-
ing one Willie Kyles, a res gestae witness. On remand, the
prosecution sought a *Robinson* hearing and produced the testi-
mony of a police detective. The defendant then stipulated that
the detective had exercised due diligence in attempting to
produce Willie Kyles at the *Robinson* hearing. Over defendant's
objections, the trial court then admitted into evidence the
transcript of Kyles' testimony at defendant's preliminary exam-
ination. The trial court subsequently found that Kyles' testi-
mony would have been of no assistance to defendant or, con-
versely, that defendant suffered no prejudice as a result of the
prosecution's failure to produce the witness. Defendant appeals
alleging that the preliminary examination testimony of Kyles
was inadmissable hearsay and that the trial court erred in
ruling that no prejudice resulted from the failure to produce
Kyles.

The Court of Appeals *held:*

1. The preliminary examination transcript was not hearsay

REFERENCES

Am Jur 2d, Appeal and Error §§ 18, 772-775.
Am Jur 2d, Evidence §§ 493, 500, 738-740.
Am Jur 2d, New Trial §§ 125-128.
See the annotations in the Index to Annotations under Appeal and
Error; Evidence; New Trial.

in the context of the *Robinson* hearing, since it was not used to prove the truth of Kyles' assertions.

2. The use of the preliminary examination transcript at the *Robinson* hearing did not give the prosecution an unfair advantage.

3. There was no abuse of discretion in the trial court's determination that nonproduction of res gestae witness Willie Kyles did not prejudice the defendant.

Affirmed.

V. J. BRENNAN, J., concurred in the result only.

1. EVIDENCE — HEARSAY — RULES OF EVIDENCE.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted (MRE 801[c]).

2. EVIDENCE — HEARSAY — EXCEPTIONS — FORMER TESTIMONY.

The adoption of the rule of evidence providing a hearsay exception for former testimony is a policy determination that the fact that there is no assurance that the declarant would have given the same testimony at trial is outweighed by the probative value of the former testimony (MRE 804[b][1]).

3. CRIMINAL LAW — NEW TRIAL — WITNESSES — RES GESTAE WITNESSES — JURY INSTRUCTIONS.

A new trial is not automatically warranted simply because the trial court erroneously ruled that the prosecutor had exercised due diligence in the production of a missing res gestae witness and therefore the trial court failed to give the missing witness criminal jury instruction; where there is no prejudice from the prosecutor's failure to produce, the missing witness instruction is not appropriate and reversal is not required; where there is prejudice from the prosecutor's failure to produce, the conviction must be vacated regardless of the error in the jury instruction (CJI 5:2:14[3]).

4. CRIMINAL LAW — APPEAL — WITNESSES — RES GESTAE WITNESSES.

The Court of Appeals reviews a trial court's determination that nonproduction of a res gestae witness did not prejudice the defendant only to ascertain whether there was an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and

Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for defendant on appeal.

Before: HOOD, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. Defendant has been convicted of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2,) in a jury trial. In our previous unpublished per curiam decision, dated November 22, 1985, we remanded for a *Robinson*[1] hearing, agreeing with defendant's argument that the prosecution had failed to demonstrate due diligence in producing one Willie Kyles, a res gestae witness. The facts, as summarized in our previous opinion, are as follows:

> Defendant was charged with murdering Mark Horn on July 3, 1979, by lying in wait with Anthony Richardo Horton for Horn and then shooting him in the back. The evidence presented against defendant consisted of the eyewitness testimony of Della Reese Brooks and Samuel Patton and of ballistics evidence which tied the bullet purportedly taken from Horn's body to a .22 caliber rifle subsequently found by the police in a room containing papers belonging to defendant. Defendant did not present any evidence in his defense but instead sought to impeach the reliability of the eyewitnesses and the strength of the connection between himself and the rifle.

On remand, the prosecution did seek a *Robinson* hearing and produced the testimony of Michael Gardenhire, a detective in the Highland Park

[1] *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Police Department. After extended discussion on the record and a brief recess, the defendant stipulated that Detective Gardenhire had exercised due diligence in attempting to produce Willie Kyles at the *Robinson* hearing. Over defendant's objections, the trial court then admitted into evidence the transcript of Kyles' testimony at defendant's preliminary examination. The trial court subsequently found that Kyles' testimony would have been of no assistance to defendant or, conversely, that defendant suffered no prejudice as a result of the prosecution's failure to produce the witness.

Defendant raises two issues on appeal. First, defendant argues that the preliminary examination testimony of Kyles was inadmissible hearsay. Second, defendant argues that inconsistencies between Kyles' testimony and that of other eyewitnesses would have been of some assistance to the defense.

We begin our discussion of the first issue by noting that the preliminary examination transcript falls within the following hearsay exception:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. [MRE 804(b).]

Defendant does not dispute the fact that Willie Kyles falls within the definition of "unavailability as a witness" contained in MRE 804(a)(5) nor does

he dispute the fact that Kyles' recorded testimony would fall under this hearsay exception in other circumstances. Instead, defendant argues that the Michigan Supreme Court has precluded the use of such evidence at *Robinson* hearings, despite the apparent admissibility provided by MRE 804.

Defendant's argument rests upon *People v Porter*, 406 Mich 890 (1979), an action on an application for leave. The Supreme Court's order in *Porter* provides in pertinent part:

> The record indicates that the prosecution did not exercise due diligence in producing res gestae witness LaVerne Robinson, but that no determination was made by the trial court as to whether defendant was prejudiced by such nonproduction. We therefore remand to the trial court for the holding of a hearing at which determination shall be made whether defendant's right to fair trial was adversely affected, requiring reversal of his conviction. If the prosecution can establish *by other than the hearsay testimony of the missing witness* that the testimony would have been of no assistance to the defendant, that it merely constituted cumulative evidence, or that its absence constitutes harmless error then its burden is met and the conviction should be affirmed. On defendant's application to the Recorder's Court and showing of indigency, the court shall appoint counsel and furnish any portion of the record counsel shall require. This case is remanded to the Recorder's Court for further proceedings.

Defendant argues that the transcript of the preliminary examination testimony of Kyles remains hearsay, though it is ordinarily admissible by exception, and further argues that *Porter* precludes all hearsay evidence of the testimony of a missing res gestae witness. Thus, defendant concludes that, under *Porter*, the trial court should have refused

admission of the preliminary examination transcript. We disagree with defendant's interpretation of *Porter.*

Defendant does not dispute that the facts of *Porter* indicate that the Supreme Court's order was directed toward *inadmissible* hearsay, rather than hearsay subject to an MRE 803 or 804 exception. Defendant instead argues that we must construe the Supreme Court's order in a literal manner, without interpretation to alter the plain meaning of its language. However, the cases cited by defendant are directed toward principles of statutory construction, not stare decisis. In any case, a literal interpretation of *Porter* would lead us to the same result. The preliminary examination transcript was not hearsay in the context of the *Robinson* hearing, since it was not used to prove the truth of Kyles' assertions. MRE 801(c).

Defendant also argues that it would be unfair to allow use of the preliminary examination transcript at the *Robinson* hearing when a correct ruling at trial would have precluded its use therein. We agree that, if the court had correctly ruled at trial that Kyles was a res gestae witness and that the prosecution had failed to exercise due diligence in procuring him, the transcript would have been inadmissible hearsay. MRE 804(a)(5). However, the transcript was not used at defendant's trial. Moreover, as noted *supra,* the use of the preliminary examination transcript at the *Robinson* hearing was not substantive. Thus, we cannot say that the use of the preliminary examination transcript at the *Robinson* hearing gave the prosecution any unfair advantage.

Defendant further argues that it was unfair to allow use of the preliminary examination transcript at the *Robinson* hearing because there is no assurance that Kyles would have given the same

testimony at trial. We agree that there is no such assurance, but believe that the adoption of MRE 804(b)(1) is a policy determination that this consideration is outweighed by the probative value of the preliminary examination transcript. We further note that there would be no assurance of the substance of Kyles' testimony at trial even if he had been produced at the *Robinson* hearing. The nature of this inquiry is inherently speculative.

We also agree with defendant's assertion that the prosecution has gained an unfair advantage through the court's erroneous *Robinson* ruling at trial. As a result of that ruling, defendant was deprived of the missing witness instruction. CJI 5:2:14(3). That instruction may have been of some advantage to the defense, in view of the limited evidence produced against the defendant. However, our Supreme Court has rejected a rule of automatic reversal in these cases. *People v Pearson,* 404 Mich 698, 723; 273 NW2d 856 (1979). Thus, we believe that the only relevant inquiry on remand was whether the prosecution's failure to produce the witness resulted in prejudice to the defendant. If there was no prejudice from the prosecution's failure to produce, the missing witness instruction would not have been appropriate. CJI 5:2:14(3). If there was prejudice from the prosecution's failure to produce, the conviction must be vacated regardless of the error in the jury instruction. See e.g., *People v Norwood,* 123 Mich App 287, 292-94; 333 NW2d 255 (1983), lv den 417 Mich 1006 (1983). We fail to see the wisdom of a rule which would preclude highly probative evidence of whether the jury instruction should have been given as a remedy for the trial court's failure to give the requested instruction.

We acknowledge that another panel of this Court has apparently taken a different view of

*Porter. People v Harper,* 126 Mich App 54, 58-59; 337 NW2d 310 (1983). Unfortunately, *Harper* includes no discussion of its holding nor does it indicate the basis therefor.

As a final matter, defendant challenges the trial court's ruling that no prejudice resulted from the failure of the prosecution to produce Willie Kyles. We review the trial court's determination that nonproduction of the witness did not prejudice the defendant only to ascertain whether there was an abuse of discretion. *Norwood, supra; People v Donald,* 103 Mich App 613; 303 NW2d 247 (1981). Here, as defendant concedes, the only possible value of this testimony would be to show minor inconsistencies between Kyles' version of the shooting and that of the other eyewitnesses. The same could be said of almost any cumulative res gestae witness. We cannot say that the trial court erred in finding that the value of Kyles' eyewitness identification of the defendant to the prosecution more than offset the value of showing the minor inconsistencies to the defendant. Certainly there was no abuse of discretion on the part of the trial court.

Affirmed.

V. J. BRENNAN., J. concurs in the result only.